RECEIPT #
AMOUNT $ 250.00
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 7/12/05

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PATRA, LLC., and ILIAS GIANNAKOPOULOS, Plaintiffs, v. MOTIVA ENTERPRISES, LLC, and STEVE L. SANTORO Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

05 11471 RGS

Civil Action No.

MAGISTRATE JUDGE _____

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATED DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

The defendants, Motiva Enterprises, LLC, and Steve L. Santoro, file this Petition for

Removal pursuant to 28 U.S.C. §1446(a), and respectfully submit that:

1.     On or about June 23, 2005, Motiva Enterprises, LLC, and Steve L. Santoro

received a Summons, together with the Complaint in the matter entitled *Patra, LLC., and Ilias*

*Giannakopoulos v. Motiva Enterprises, LLC, and Steve L. Santoro,* Suffolk County Superior

Court, Civil Action No. 05-2518G. True, accurate and complete copies of the Summons and

Complaint are attached hereto as Exhibit "A."

2.     Removal to the United States District Court for the District of Massachusetts in

Boston is appropriate as (1) per 28 U.S.C. §1331, the United States District Court has original

jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States,

and (2) the United States District Court for the District of Massachusetts, Eastern Section

embraces the place, i.e., Suffolk County, where the action is pending. 28 U.S.C. §1441(a).

3.     Original jurisdiction is based upon a federal question. Plaintiffs, Patra LLC., and Ilias Giannakopoulos, claim in Count X of their Verified Complaint that Defendants are in violation of the Petroleum Marketing Practices Act (PMPA), (15 USC §2801, et seq.) *See* Complaint attached hereto as Exhibit "A", ¶ 71-73.

4.     This Notice of Removal is being filed within the time period required by law. 28 U.S.C. § 1441(b).

5.     Also attached hereto as Exhibit B are true and accurate copies of all pleadings filed to date.

6..     Promptly after the filing of this Notice of Removal, a copy of the Notice will be filed with the Clerk of Courts for the Suffolk County Superior Court, and all adverse parties will receive written notice of the filing of this Notice of Removal.

WHEREFORE, defendants Motiva Enterprises, LLC, and Steve L. Santoro, pray that this action be removed from the Suffolk County Superior Court to the United States District Court for the District of Massachusetts.

**MOTIVA ENTERPRISES, LLC. and**
**STEVEN L. SANTORO**
By Their Attorneys,

William L. Parker, BBO# 549839
Amy Cashore Mariani, BBO # 630160
Anne-Marie Gerber, BBO# 649337
**FITZHUGH, PARKER, & ALVARO, LLP**
155 Federal Street, Suite 1700
Boston, MA 02110-1727
(617) 695-2330

2

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2005, I have served the above *Notice of Removal* upon all counsel of record listed below by regular mail, postage prepaid.

Erik J. Frick, Esq.
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110

Melissa Wangenheim

3

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Patra, LLC., and Ilias Giannakopoulos

**DEFENDANTS**

Motiva Enterprises, LLC., and Steve L. Santoro

**(b)** County of Residence of First Listed Plaintiff    Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Houston, Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Robert W. Levy, Esq.,
Eckert Seamans Cherin & Mellott, LLC,

Attorneys (If Known)

Amy Cashore Mariani, Esq., and William L. Parker, Esq.
Fitzhugh, Parker & Alvaro, LLP

## II.  BASIS OF JURISDICTION    (Place an "X" in One Box Only)

◻ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
(U.S. Government Not a Party)

◻ 2   U.S. Government
Defendant

◻ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ◻ 1 | ◻ 1 | Incorporated *or* Principal Place of Business In This State | ◻ 4 | ◻ 4 |
| Citizen of Another State | ◻ 2 | ◻ 2 | Incorporated *and* Principal Place of Business In Another State | ◻ 5 | ◻ 5 |
| Citizen or Subject of a Foreign Country | ◻ 3 | ◻ 3 | Foreign Nation | ◻ 6 | ◻ 6 |

## IV.  NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ◻ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ◻ 610 Agriculture | ◻ 422 Appeal 28 USC 158 | ◻ 400 State Reapportionment |
| ◻ 120 Marine | ◻ 310 Airplane | ◻ 362 Personal Injury - | ◻ 620 Other Food & Drug | ◻ 423 Withdrawal | ◻ 410 Antitrust |
| ◻ 130 Miller Act | ◻ 315 Airplane Product | Med. Malpractice | ◻ 625 Drug Related Seizure | 28 USC 157 | ◻ 430 Banks and Banking |
| ◻ 140 Negotiable Instrument | Liability | ◻ 365 Personal Injury - | of Property 21 USC 881 | | ◻ 450 Commerce |
| ◻ 150 Recovery of Overpayment | ◻ 320 Assault, Libel & | Product Liability | ◻ 630 Liquor Laws | **PROPERTY RIGHTS** | ◻ 460 Deportation |
| & Enforcement of Judgment | Slander | ◻ 368 Asbestos Personal | ◻ 640 R.R. & Truck | ◻ 820 Copyrights | ◻ 470 Racketeer Influenced and |
| ◻ 151 Medicare Act | ◻ 330 Federal Employers' | Injury Product | ◻ 650 Airline Regs. | ◻ 830 Patent | Corrupt Organizations |
| ◻ 152 Recovery of Defaulted | Liability | Liability | ◻ 660 Occupational | ◻ 840 Trademark | ◻ 480 Consumer Credit |
| Student Loans | ◻ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ◻ 490 Cable/Sat TV |
| (Excl. Veterans) | ◻ 345 Marine Product | ◻ 370 Other Fraud | ◻ 690 Other | | ◻ 810 Selective Service |
| ◻ 153 Recovery of Overpayment | Liability | ◻ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ◻ 850 Securities/Commodities/ |
| of Veteran's Benefits | ◻ 350 Motor Vehicle | ◻ 380 Other Personal | ◻ 710 Fair Labor Standards | ◻ 861 HIA (1395ff) | Exchange |
| ◻ 160 Stockholders' Suits | ◻ 355 Motor Vehicle | Property Damage | Act | ◻ 862 Black Lung (923) | ◻ 875 Customer Challenge |
| ◻ 190 Other Contract | Product Liability | ◻ 385 Property Damage | ◻ 720 Labor/Mgmt. Relations | ◻ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ◻ 195 Contract Product Liability | ◻ 360 Other Personal | Product Liability | ◻ 730 Labor/Mgmt.Reporting | ◻ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ◻ 196 Franchise | Injury | | & Disclosure Act | ◻ 865 RSI (405(g)) | ◻ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ◻ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ◻ 892 Economic Stabilization Act |
| ◻ 210 Land Condemnation | ◻ 441 Voting | ◻ 510 Motions to Vacate | ◻ 790 Other Labor Litigation | ◻ 870 Taxes (U.S. Plaintiff | ◻ 893 Environmental Matters |
| ◻ 220 Foreclosure | ◻ 442 Employment | Sentence | ◻ 791 Empl. Ret. Inc. | or Defendant) | ◻ 894 Energy Allocation Act |
| ◻ 230 Rent Lease & Ejectment | ◻ 443 Housing/ | **Habeas Corpus:** | Security Act | ◻ 871 IRS—Third Party | ◻ 895 Freedom of Information |
| ◻ 240 Torts to Land | Accommodations | ◻ 530 General | | 26 USC 7609 | Act |
| ◻ 245 Tort Product Liability | ◻ 444 Welfare | ◻ 535 Death Penalty | | | ◻ 900Appeal of Fee Determination |
| ◻ 290 All Other Real Property | ◻ 445 Amer. w/Disabilities - | ◻ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ◻ 550 Civil Rights | | | to Justice |
| | ◻ 446 Amer. w/Disabilities - | ◻ 555 Prison Condition | | | ◻ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ◻ 440 Other Civil Rights | | | | |

## V. ORIGIN    (Place an "X" in One Box Only)

◻ 1  Original
Proceeding

☒ 2  Removed from
State Court

◻ 3  Remanded from
Appellate Court

◻ 4  Reinstated or
Reopened

◻ 5  Transferred from
another district
(specify)

◻ 6  Multidistrict
Litigation

◻ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Petroleum Marketing Practices Act, 15 USC Section 2801 et seq.

Brief description of cause:
This action arose from a dispute over a proposed real estate transaction.

## VII.  REQUESTED IN
COMPLAINT:

◻ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**
> 75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ◻ No

## VIII.  RELATED CASE(S)
IF ANY

(See instructions):    JUDGE                DOCKET NUMBER

DATE
07/12/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)____Patra, LLC. v. Motiva Enterprises, LLC.____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

| | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
|✓| II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. | *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
| | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. |
| | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. |
| | V. | 150, 152, 153. |

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

n/a

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES [ ]    NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

YES [ ]    NO [✓]

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES [ ]    NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES [ ]    NO [✓]

A.    If yes, in which division do all of the non-governmental parties reside?

Eastern Division [ ]    Central Division [ ]    Western Division [ ]

B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division [✓]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

YES [ ]    NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___Amy Cashore Mariani, Esq., Fitzhugh, Parker, & Alvaro, LLP___
ADDRESS ___155 Federal Street, Suite 1700___
TELEPHONE NO. ___(617) 695-2330___

(CategoryForm.wpd - 5/2/05)

**COPY**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT
CIVIL ACTION NO.

05-2516 G

)
PATRA, LLC., and                          )
ILIAS GIANNAKOPOULOS,                      )
        Plaintiffs,              )
                              )
v.                                        )
                              )
MOTIVA ENTERPRISES, LLC, and              )
STEVE L. SANTORO                          )
        Defendants.              )
_____)

**RECEIVED**

JUN 21 2005

SUPERIOR COURT · CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

RECEIVED
LEGAL DEPT

JUN 2 8 2005

### VERIFIED COMPLAINT

#### I.    INTRODUCTION

1.    Plaintiffs Patra, LLC and Ilias Giannakopoulos (collectively the "Plaintiffs")
bring this action against the Defendant Motiva Enterprises, LLC ("Defendant Motiva") for
specific performance, breach of contract, breach of covenant of good faith and fair dealing,
promissory estoppel, breach of fiduciary duty, misrepresentation, and unfair and deceptive trade
practices in violation of General Laws, Chapter 93A. Additionally, Plaintiffs bring this action
against Defendant Motiva on behalf of other similarly situated franchisees and/or retailers, and
seeks class certification.

2.    Plaintiffs also assert claims against Defendant Steve L. Santoro, personally, for
fraudulent misrepresentation, unfair and deceptive trade practices in violation of General Laws,
Chapter 93A, and intentional infliction of emotional distress.

{K0302452.1}



## II.    PARTIES

3.    Plaintiff Patra, LLC ("Patra") is a Massachusetts limited liability corporation and maintains its offices at 1241 Boylston Street, Boston, Massachusetts.

4.    Plaintiff Ilias Giannakopoulos ("Giannakopoulos") is an individual, and also the manager of Patra. Giannakopoulos resides in Newton, Massachusetts.

5.    Plaintiff is a franchisee and/or retailer under the Petroleum Marketing Practices Act, 15 U.S.C. § 280 et seq., and General Laws, Chapter 93E, and it falls within the protections of those statutes.

6.    Defendant Motiva is a Delaware Limited Liability Company owned and/or controlled by holding companies for and/or by Shell Company, and which are headquartered at 12700 Northboro Drive, Houston, Texas, and maintains Massachusetts offices at 5 Manmar Drive, Plainville, Massachusetts. Defendant Motiva is the franchisor of the Plaintiff, who is a retailer for the sale of branded gasoline and petroleum products.

7.    Defendant Steve L. Santoro is the area real estate manager for Motiva Enterprises, LLC, with a usual place of business at Manmar Drive, Plainville, Massachusetts.

## III.    GENERAL ALLEGATIONS

8.    Plaintiff Giannakopoulos has been and is an exemplary and award winning dealer and continual franchisee of the Defendant Motiva, or its predecessors, since 1972 and at 1241 Boylston Street, Boston Massachusetts since 1978.

9.    Defendant Motiva owns the real estate located at 1241 Boylston Street, Boston, Massachusetts (the "Property") on which the Plaintiff first operated a Texaco Service Station and now operates a Shell Service Station pursuant to a Retail Facility Lease Agreement (the "Lease").

{K0302452.1}                                    2

10.     During the term of the Lease, Plaintiff has the right of first refusal in connection with any sale of the Property.

11.     Giannakopoulos informed the Defendant Motiva that he was interested in purchasing the Property on numerous occasions.

12.     Prior to 2004, Defendant Motiva responded to Giannakopoulos' expressions of interest by informing him that the Property was not for sale.

13.     In 2004, as was well known to Defendant Motiva and Defendant Santoro, Giannakopoulos was involved in negotiations for the acquisitions of a building and appurtenant parking rights for a property located on Boylston Street (the "Adjacent Property") adjacent to the Property. Prior to the consummation of an agreement for the acquisition of those premises, Defendant Santoro asked Giannakopoulos if he was interested in purchasing the Property. Defendant Santoro told Giannakopoulos not to purchase the Adjacent Property, and further told Giannakopoulos that he should and could buy the Property. Defendant Santoro and Plaintiffs agreed upon a purchase price of $2.3 million, and Defendant Santoro represented that provided an independent appraisal came in close to the $2.3 million agreed upon price, in which Santoro expressed confidence, that the price would be acceptable to the Defendant Motiva.

14.     Defendant Santoro continued by telling Plaintiffs that they needed to provide a 10% deposit, and once Plaintiffs provided the 10% deposit they needed to be sure that they had obtained financing, as the deposit would be non-refundable, and once accepted, it would be a done deal.

15.     Defendant Santoro also informed Plaintiffs that once all local and regional approvals had been obtained, that Plaintiffs' offer would be sent to Motiva's headquarters in Houston, Texas for approval, but that headquarters' approval would only be a formality and not

to worry about it. Defendant Santoro further represented that he had never participated in or been aware of a sale approved by a region which was rejected by headquarters in Houston.

16.    After he received the independent appraisal, Defendant Santoro called the Plaintiffs and informed them that he had good news as the appraisal came in lower than the agreed upon price of $2,300,000.00. Defendant Santoro informed the Plaintiffs that it was only a matter of putting the paperwork together before Defendant Motiva would convey title to the Property to Plaintiff.

17.    Consistent with their agreement, Defendant Santoro requested that the Plaintiffs enter into a Retailer Offer to Purchase for the Premises (the "Purchase Agreement") in a form and content provided by Defendant Santoro and Defendant Motiva. With minor changes previously approved by Defendant Santoro and Defendant Motiva, Plaintiff Giannakopoulos executed and delivered the Purchase Agreement on October 15, 2004 together with a $230,000.00 bank check as the 10% deposit.

18.    Thereafter Defendant Santoro, individually and on behalf of Defendant Motiva, represented to Plaintiff Giannakopoulos that all approvals for the sale had been obtained by the appropriate parties of Defendant Motiva and that the Purchase Agreement was going to Houston for execution, which was a mere formality.

19.    During numerous other occasions thereafter, Defendant Santoro represented to Plaintiffs and others that Defendants were selling the Property to the Plaintiffs.

20.    Consistent with and in accordance with the terms of the Purchase Agreement, Defendant Motiva delivered to counsel for the Plaintiffs: (1) a title commitment issued by Fidelity National Title Insurance Company; (2) Motiva's environmental reports, consisting of voluminous environmental reports pertaining to the premises; (3) had the UST System at the

Property tested by a third party; and (4) delivered and requested that Giannakopoulos execute a Shell Brand Supply Agreement with a ten (10) year term covering the sale and purchase of Shell brand motor fuel at the retail outlet situated at the Property, which Giannakopoulos promptly signed and delivered to Defendant Motiva's authorized representative.

21.     Subsequently, Defendant Motiva, by and through an authorized representative, sent Giannakopoulos a written acknowledgement of his purchase of the Property and his change in status to an open dealer.

22.     In reasonable reliance upon Defendants' representations and with Defendants' knowledge, Giannakopoulos, inter alia,: (1) terminated negotiations for the purchase of the Adjacent Property; (2) sought and obtained a bank commitment for financing of the acquisition of the Property; (3) engaged a licensed site professional to review the environmental reports pertaining to the Property; (4) engaged counsel to review the title commitments for the Property; and (5) incurred interest payments on, and the loss of use of, the $230,000.00 deposit.

23.     On or around January, 2005, Defendant Motiva provided Giannakopoulos with a proposed new Lease for the premises with a term of commencement date of April 1, 2005. The Lease contained a rent increase of over $10,000.00 per month, a 57% increase from the previous rent. Defendant Santoro told Giannakopoulos that the Lease was required as the existing Lease was about to expire, but that Giannakopoulos should not be concerned about it because he would have title to the Property by then and the Lease would be of no force and effect.

24.     Giannakopoulos still questioned the substantial increase of his rent and expressed his concerns about the viability of his business with such exorbitant rental costs. In response, Mr. Santoro again told Giannakopoulos not to worry because he would have title to the Property by the time the Lease term was effective. In reasonable reliance on these representations,

Giannakopoulos executed and delivered the Lease to Motiva. In further reliance on these representations, Giannakopoulos and Patra did not exercise their right to have an independent appraisal of the Property performed, known as a Re-Appraisal, to challenge the proposed rent increase.

25.    On or around February 2005, Defendant Santoro called Plaintiffs and informed them that he had received all the signed paperwork for the sale of the Property, and told Giannakopoulos that he was going to take Giannakopoulos and his son out to lunch to celebrate. Approximately two weeks later, not having received the signed Purchase Agreement and accompanying paperwork, and after noticing an article appearing in The Boston Globe, which reported that the Boston Red Sox were in the process of acquiring numerous properties in the Fenway Park area, Giannakopoulos spoke with Defendant Santoro. Defendant Santoro suddenly changed course and told Giannakopoulos that he would have to put the Property out to bid to the neighbors.

26.    Upon information and belief, Defendants have engaged in a pattern and practice of enticing franchisees and/or retailers to execute "Retail Offer to Purchase Premises" forms, and then wrongfully refusing or neglecting to sign or deliver the same after representing that the agreement had been approved.

27.    On April 5, 2005, Plaintiffs, by and through their attorney, mailed to Defendants a demand alleging, inter alia, violations of General Laws, Chapter 93A, and requesting written acknowledgment of Plaintiffs right to acquire the Property in accordance with their agreement.

28.    On or about May 5, 2005, Defendants responded to Plaintiffs' demand by denying all liability and refusing to acknowledge Plaintiffs' rights.

## COUNT I

### (SPECIFIC PERFORMANCE)

29.    Plaintiffs repeat and reallege Paragraphs 1 through 28 as if fully set forth therein.

30.    By the above-described actions, including, without limitation, the negotiation of Plaintiff $230,000 bank check and retaining the same, Defendant Motiva must be required to sell the Property and specifically perform by conveying the Property to Plaintiff Patra, LLC for $2.3 million.

## COUNT II

### (BREACH OF CONTRACT)

31.    The Plaintiff repeats and realleges Paragraphs 1 through 30 as if fully set forth herein.

32.    By the foregoing conduct, Defendant Motiva has breached its agreement to sell the Property to Plaintiff Patra, LLC with the Plaintiffs, which, as a direct result, have incurred monetary damages, including interest, and attorneys' fees.

## COUNT III

### (BREACH OF COVENANT AND GOOD FAITH AND FAIR DEALING)

33.    The Plaintiffs hereby repeat and reallege Paragraphs 1 through 32 above as if fully set forth herein.

34.    The Defendant Motiva owed to Plaintiffs a covenant of good faith and fair dealing and the Defendant breached said covenant by the above-described conduct.

35.    As a result of the Defendant Motiva's breach of the covenant of good faith and fair dealing, the Plaintiffs having incurred substantial monetary damages.

{K0302452.1}                    7

## COUNT IV

## (PROMISSORY ESTOPPEL)

36.    The Plaintiffs repeat and reallege Paragraphs 1 through 35 above as if fully set forth herein.

37.    Prior to borrowing $230,000 deposit and paying said funds to the Defendant Motiva, the Defendants promised to sell the Property to the Plaintiffs, who reasonably relied upon said promises to their detriment.

38.    The Defendants' conduct as described above constitutes a breach of its promise to sell the Property to the Plaintiffs.

39.    As a result of the foregoing, the Defendant Motiva is estopped from denying that it agreed to sell the Property to the Plaintiff and should be ordered to convey the Property to the Plaintiff Patra, LLC for the $2.3 million agreed upon purchase price.

## COUNT V

## (BREACH OF FIDUCIARY DUTY)

40.    The Plaintiffs repeat and reallege Paragraphs 1 through 39 above as if fully set forth herein.

41.    The relationship between the parties is one of fiduciary nature with each party owing a fiduciary duty to the other.

42.    As stated above, the Defendant Motiva has breached its fiduciary duty to the Plaintiffs and the Plaintiffs have incurred monetary damages as a direct result thereof.

## COUNT VI

## (MISREPRESENTATION)

43.    The Plaintiffs repeat and reallege Paragraphs 1 through 42, as if fully set forth

herein.

44.    As described above, the Defendants have committed intentional and negligent

misrepresentations against the Plaintiffs as:

(a)    They made false statements to the Plaintiffs as described above, which a
reasonable person would consider important in the decision that the Plaintiffs were about to
make;

(b)    When the Defendants made the statements and took said
actions/omissions, the Defendants either knew the statements were false or recklessly made the
same negligently and/or willfully disregarding the truth or falsity;

(c)    The Defendants made false statements, representations and actions with
the intention that the Plaintiffs would rely on the same in making their decisions;

(d)    The Plaintiffs did in fact rely on the Defendants' statements,
representations and actions as true, and their reliance was reasonable under the circumstances;
and

(e)    The Plaintiffs suffered financial loss as a result of relying upon the
Defendants' false statements, representations and actions.

## COUNT VII

## (VIOLATION OF G.L. 93A)

45.    The Plaintiffs repeat and reallege Paragraphs 1 through 44 above, as if fully set

forth herein.

46.    The Defendants conduct trade and commerce such that they fall within the

purview of General Laws, Chapter 93A.

47.    By the above-stated actions, the Defendants have violated multiple statutes and

laws including, but not limited to, the following:

{K0302452.1}                                    9

(a)    The Petroleum Marketing Practice Act, 15 U.S.C., Section 2801, et seq. and the regulations hereunder;

(b)    The regulations of dealers agreement for the sale of gasoline; General Laws, Chapter 93E, and the regulations thereunder; and

(c)    The Massachusetts Anti-Trust Act, General Laws, Chapter 93, Section 1 et seq. and the regulations thereunder.

48.    The Defendants by their actions, representations and agreements have acted unconscionably toward the Plaintiffs and are wrongfully attempting to discourage competition by not permitting in the future the Plaintiffs to sell gasoline and petroleum products at the Property.

49.    By the above-stated acts the Defendants have knowingly, willfully and intentionally and/or recklessly committed unfair trade practices in violation of General Laws, Chapter 93A.

50.    As a direct result of the Defendants unfair trade practices, the Plaintiffs have incurred substantial monetary damages, plus interest, costs and reasonable attorneys' fees.

## COUNT VIII

## (CLASS ACTION)

51.    Plaintiffs repeat and reallege Paragraphs 1 through 50 above, as if each were fully set forth therein.

52.    The Plaintiff brings this action as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of all persons and entities who have been presented with any variant of Defendant Motiva's Retail Offer to Purchase Premises and any dealers who have been barred from selling petroleum/gas products (collectively "the Class").

53.    Upon information and belief, there are in excess of 200 such dealers who have dealt with the Defendant during the Class period commencing January, 2002 to date, and the members of the Class are so numerous that joinder of all members is impractical. The exact

number of Class Members can be determined only by appropriate discovery. The Plaintiffs believe that such Class Members number in excess of 200 separate dealers.

54.    To fairly represent the Class Members, two (2) categories are represented here by the Plaintiffs should be established: (a) dealers who have entered into and been presented with a "Retail Offer to Purchase Premises" by the Defendant Motiva; and (b) former dealers who have been constructively barred from selling petroleum/gasoline products.

55.    The Plaintiffs' claims are typical of the members of the Class and the Plaintiffs and all members of the Class sustained damages as a result of the Defendant Motiva's wrongful conduct as described in this Verified Complaint.

56.    The Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel who are competent and experienced in Class action litigation.

57.    A Class Action is superior to other available methods for fair and efficient adjudication of this controversy. The damages suffered by many Class Members are relatively small, although significant, and many, especially those who have closed down, do not have the financial ability to proceed individually. Thus, the expense and burden of individual litigation makes it impractical for many Class Members individually to seek redress for the wrongful conduct alleged in this action.

58.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law common to the Class are: (a) whether the form "Retail Offer to Purchase Premises" contains unconscionable conditions; (b) whether the Defendant, as a matter of practice, delivers said "Retail Offer to Purchase Premises" and then refuses and/or neglects to

sign the same; (c) whether the defendant wrongfully attempts to coerce dealers into "voluntarily" closing down after they have decided not to keep a specific location; (d) whether the defendant in fact requires as a condition precedent that no petroleum or gasoline products may be sold at locations sold by the defendant; and (e) whether such acts constitute violations of statutes and regulations.

59.    The Plaintiffs know of no difficulty which will be encountered in the management of this litigation which precludes its maintenance as a Class Action.

60.    Certifying this as a Class Action would resolve these individual issues for all potential plaintiffs without the necessity of filing individual lawsuits. Additionally, class certification in this matter would not impose any significant burden upon the Court.

61.    In this case, certification of a Class is appropriate where the class of certification would not complicate or delay the disposition of this case, and the Plaintiffs would suffer no prejudices as a result of said certification, and, where certification would assure the Class Members that Plaintiff, would not avoid its responsibility in implicating any Court orders.

62.    The names and addresses of all Class Members are available from the Defendant Motiva and notice will be provided to Class Members via first class mail, using techniques and a notice mechanism approved by this Court.

63.    Plaintiffs and the Class Members have each suffered monetary loss in primarily equitable claims as a direct result of the defendants' unfair or deceptive business practices and/or acts.

## COUNT IX

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

64.    The Plaintiffs repeat and reallege Paragraphs 1 through 63 above, as if fully set forth herein.

65.    As described above, Defendant Santoro intentionally made misrepresentations to Plaintiffs and his conduct was extreme and outrageous and beyond the bounds of human decency.

66.    Plaintiffs relied on Defendant Santoro's statements to their detriment.

67.    Defendant Santoro intentionally inflicted emotional distress upon Giannakopoulos by making deliberate and intentional misrepresentations as described above.

68.    Upon information and belief, Defendant Santoro made such deliberate and intentional misrepresentations to advance his own personal agenda.

69.    Giannakopoulos suffered severe emotional distress as a direct result of the conduct of Defendant Santoro.

70.    Giannakopoulos suffered damages as a direct and proximate result of the severe emotional distress caused by Defendant Santoro.

## COUNT X

### (VIOLATION OF PETROLEUM MARKETING PRACTICES ACT, 15 USC § 2801, et seq.)

71.    The Plaintiffs repeat and reallege Paragraphs 1 through 70 above, as if fully set forth herein.

72.    The Defendant Motiva comes within the purview of the Petroleum Marketing Practices Act (15 USC § 2801 et seq.).

73.    Based on the above-described conduct, Defendant Motiva has violated the provisions of the Petroleum Marketing Practices Act, causing harm to the Plaintiffs and entitling them to monetary damages therefore.

COUNT XI

(INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS)

74.    The Plaintiffs hereby repeat and reallege Paragraphs 1 through 73 above as if fully set forth herein.

75.    Defendants knew that Plaintiffs were involved in negotiations to purchase the Adjacent Property.

76.    Defendants intentionally and willfully interfered with Plaintiffs' negotiations to purchase the Adjacent Property, by inducing Plaintiffs to cease negotiations with the Adjacent Property owners by falsely misrepresenting that Defendants would sell the Property to Plaintiffs.

77.    As a direct, proximate and reasonably foreseeable result of Defendants' conduct, Plaintiffs have suffered damages, including the loss of opportunity to purchase the Adjacent Property.

PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs on their own behalf, and on behalf of others similar situated (Class Members) prays for Judgment as follows:

1.    That the Defendants be ordered to convey to the Plaintiff Patra, LLC, the Property, by good and sufficient quitclaim deed free and clear of any encumbrances;

2.    That a hearing be held and that the Court issue a Preliminary Injunction enjoining and restraining Defendant Motiva Enterprises LLC from conveying, transferring, selling,

encumbering, hypothecating or otherwise disposing of any interest in 1241 Boylston Street,

Boston, Massachusetts;

      3.     Declare this action to be a Class Action;

      4.     Award the Plaintiffs and other Class Members compensatory damages in an

amount which may be proven at trial, together with pre-judgment interest;

      5.     Award to Plaintiffs and all Class Members treble damages;

      6.     Award Plaintiffs and all Class Members the costs and expenses incurred in this

action, including reasonable attorneys' fees, accountant and expert fees; and

      7.     Award to Plaintiffs and to all Class Members such other and further relief as this

Court may deem must and proper.


**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES AND COUNTS.**


                        Respectfully Submitted,

                        PATRA, LLC and ILIAS GIANNAKOPOULOS,

                        By their attorneys,

                        Robert W. Levy, Esq., BBO #297840
                        Erik J. Frick, Esq., BBO #553336
                        Eckert Seamans Cherin & Mellott, LLC
                        One International Place, 18th Floor
                        Boston, MA  02110
                        617-342-6853

DATED: June 2, 2005

## VERIFICATION

I, Ilias Giannakopoulos, individually and on behalf of Patra LLC as its manager, hereby

certify that I have read the foregoing, and that based on personal knowledge, except where stated

"upon information and belief," that it is true and accurate to the best of my belief.

_____
Ilias Giannakopoulos

## COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss

Then personally appeared Ilias Giannakopoulos and acknowledged the foregoing
document to be his free act and deed, before me,

_____
Notary Public

My Commission Expires:

DATED: June 20 2005

CHERYL L. SMITH
Notary Public
Commonwealth of Massachusetts
My Commission Expires
October 24, 2008

{K0302452.1}

16

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-2518G

Patra, LLC and Ilias Giannakopoulos _____ , Plaintiff(s)

v.

Motiva Enterprises, LLC and Steven L. Santoro Defendant(s)

RECEIVED
LEGAL FIRM

JUN 2 3 2005

## SUMMONS

To the above-named Defendant: Motiva Enterprises, LLC

    You are hereby summoned and required to serve upon Erik J. Frick of Eckert Seamans Cherin & Mellott, LLC

plaintiff's attorney, whose address is 1 International Pl., Boston, MA 02110 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse** _____, Esquire, at Boston, the _____ day of
_____ , in the year of our Lord two thousand _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

A true copy Attest: _____
_____ or _____ Deputy Sheriff Suffolk County

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
    (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

| CIVIL ACTION COVER SHEET | DOCKET NO. | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| LAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Patra, LLC and Ilias Gianakopoulos | Motiva Enterprises, LLC and Steve L. Santoro |

| TTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Erik J. Frick and obert W. Levy, Eckert Seamans Cherin & Mellott International Place, Boston, MA 02111 oard of Bar Overseers number: 552226 and 297840 | ATTORNEY (if known) Anne-Marie Gerber and William Parker Fitzhugh, Parker & Alvaro, 155 Federal St., Suite 1700, Boston, MA 02110 |
|---|---|

### Origin code and track designation .

lace an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct.C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| ODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| 08 | Sale of Real Estate | ( F ) | (XX ) Yes    ( ) No |

he following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine ioney damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

(Attach additional sheets as necessary)

Documented medical expenses to date: .

1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . RECEIVED . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . LEGAL FEE . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .

Subtotal $. . . . . . . . . . . .

Documented lost wages and compensation to date . . . . . . . . JUN 2 3 2005 . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
Other documented items of damages (describe)

$. . . . . . . . . . . .

Brief description of plaintiff's injury, including nature and extent of injury (describe) Defendants' violation of inter lia, G.L., C. 93A, 93E, their breach of fiduciary duty, fraud, misrepresentation and intentional ifliction of emotional distress have caused Plaintiffs to suffer damages in excess of $2,000,000
$2,000,000.00.
**TOTAL $2,000,000.00.**

### CONTRACT CLAIMS

(Attach additional sheets as necessary)

wide a detailed description of claim(s): Plaintiffs and Defendants reached an agreement for the sale of :operty and Defendants have refused to honor the agreement and sell to the Plaintiffs. .aintiffs also seek specific performanace.

**TOTAL $2,000,000.00.**

.EASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR OURT DEPARTMENT

hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on spute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute solution services and discuss with them the advantages and disadvantages of the various methods."

gnature of Attorney of Record _____ DATE: 6-21-05

>-6 mlc005-11/99
3.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss
SUPERIOR COURT
CIVIL ACTION NO. 05-2518G

PATRA, LLC., and )
ILIAS GIANNAKOPOULOS, )
        Plaintiffs, )
                                  )
v. )
                                  )
MOTIVA ENTERPRISES, LLC, and )
STEVEN L. SANTORO )
        Defendants. )

## PLAINTIFFS' EX PARTE MOTION FOR FINDINGS PURSUANT TO GENERAL LAWS, CHAPTER 184, SECTION 15

Plaintiffs Patra, LLC and Ilias Giannakopoulos move this Honorable Court to make a finding that the subject matter of this action constitutes a claim of a right to title in real property and the buildings thereon located at 1241 Boylston Street, Suffolk County, Massachusetts.

In support of this Motion, Plaintiffs state that they have filed a Verified Complaint which seeks, in part, a claim of right to title to real estate held in the name of the Defendant Motiva Enterprises, LLC. The Defendant Motiva Enterprises, LLC currently owns and/or has an interest in 1241 Boylston Street, Boston, Suffolk County, Massachusetts (the "Property").

The Plaintiffs have made a demand for the Property from the Defendant Motiva Enterprises, LLC, but Defendant Motiva Enterprises, LLC has failed and refused to comply with these demands.

This action constitutes a claim of a right to title to 1241 Boylston Street, Boston, Suffolk County, Massachusetts. General Laws, Chapter 184, Section 15, provides in pertinent part:

{K0303439.1}



> Upon motion of a party, if the subject matter of the action constitutes a claim of a right to title to real property or the use and occupation thereof or the buildings thereon, a justice of the court in which the action is pending shall make a finding to that effect and endorse the finding upon the memorandum.

"The judge is required only to determine whether the action concerns a claim to some interest in real estate or some right to use or occupy it and may not inquire into the sufficiency of the plaintiff's claim." Sutherland v. Aolean Development Corp., 399 Mass. 36, 41 (1987). "With the mandate that the judge 'shall' find and endorse, Section 15 gives little discretion to the judge once the judge determines that the subject matter of the action concerns an interest in real estate." Id.

The Plaintiffs' desire to give their persons notice that they are entitled to a claim of right to title in the real estate currently held by the Defendant Motiva Enterprises, LLC.

WHEREFORE, the Plaintiffs pray that this Court will grant this Motion and make a finding that the subject matter of this action constitutes a claim of a right to title to real property and the buildings thereon pursuant to General Laws, Chapter 184, Section 15, and further that this Court endorse said findings on the Notice of *Lis Pendens* attached hereto.

                    Respectfully Submitted,

                    Patra, LLC and Ilias Giannakopoulos,

                    By their attorney,

                    Erik L. Frick, Esq., BBO #553336
                    Eckert Seamans Cherin & Mellott, LLC
                    One International Place, 18th Floor
                    Boston, MA 02110
                    617-342-6853

Dated: June 21, 2005

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT,
CIVIL ACTION NO. 05-2518G

PATRA, LLC., and )
ILIAS GIANNAKOPOULOS, )
          Plaintiffs, )
 )
v. )
 )
MOTIVA ENTERPRISES, LLC, and )
STEVEN L. SANTORO )
          Defendants. )

## PLAINTIFFS' EX PARTE MOTION FOR FINDINGS PURSUANT TO GENERAL LAWS, CHAPTER 184, SECTION 15

Plaintiffs Patra, LLC and Ilias Giannakopoulos move this Honorable Court to make a finding that the subject matter of this action constitutes a claim of a right to title in real property and the buildings thereon located at 1241 Boylston Street, Suffolk County, Massachusetts.

In support of this Motion, Plaintiffs state that they have filed a Verified Complaint which seeks, in part, a claim of right to title to real estate held in the name of the Defendant Motiva Enterprises, LLC. The Defendant Motiva Enterprises, LLC currently owns and/or has an interest in 1241 Boylston Street, Boston, Suffolk County, Massachusetts (the "Property").

The Plaintiffs have made a demand for the Property from the Defendant Motiva Enterprises, LLC, but Defendant Motiva Enterprises, LLC has failed and refused to comply with these demands.

This action constitutes a claim of a right to title to 1241 Boylston Street, Boston, Suffolk County, Massachusetts. General Laws, Chapter 184, Section 15, provides in pertinent part:

{K0303439.1}

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT
CIVIL ACTION NO. 05-2518G

|  |  |
|---|---|
| PATRA, LLC., and ILIAS GIANNAKOPOULOS, Plaintiffs, v. MOTIVA ENTERPRISES, LLC, and STEVE L. SANTORO Defendants. | ) ) ) ) ) ) ) ) ) ) |

## **MEMORANDUM OF** *LIS PENDENS*

Notice is hereby given that on June 21, 2005, the undersigned Plaintiffs commenced an action in Suffolk Superior Court, being Docket No. 05-2518G, a Verified Complaint in which the undersigned are named as Plaintiffs and Motiva Enterprises, LLC of Houston, Texas, with offices in Plainville, Massachusetts and Steve L. Santoro are named Defendants.

Said Verified Complaint affects the title to land located at 1241 Boylston and Ipswich Streets, Boston, Suffolk County, Massachusetts, which land is described in a Special Warranty Deed dated October 1, 1998 filed in the Suffolk County Registry of Deeds, Book 23008, Page 234, and described in Exhibit "A" attached hereto.

{K0303448.1}

This Memorandum is given pursuant to <u>General Laws</u>, Chapter 185, Section 86, and

<u>General Laws</u>, Chapter 184, Section 15.

Respectfully Submitted,

Patra, LLC and Ilias Giannakopoulos,

By their attorney,

Erik J. Frick, Esq., BBO #553336
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110
617-342-6853

Dated: June 21, 2005

{K0303448.1}                        2

23009  234

780

### SPECIAL WARRANTY DEED

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS | § |
| | § |
| COUNTY OF SUFFOLK | § |

This Indenture, made ___OCT  1 1998___ by STAR ENTERPRISE, a New York general partnership, having an office at 12700 Northborough Drive, Suite 400, Houston, Texas 77067, Tax I.D. No. 76-0567102 (the "Grantor") to MOTIVA ENTERPRISES LLC, a Delaware limited liability company, having an office at 1100 Louisiana Street, Suite 2200, Houston, Texas 77002, Tax I.D. No. 76-0262490 (the "Grantee").

### WITNESSETH

In consideration of One Million Four Hundred Fifty-Three Thousand Nine Hundred and no cents ($1,453,900.00) Dollars and other good and valuable consideration paid in lawful money of the United States, Grantor does hereby grant, convey and release unto Grantee, its successors and assigns forever, all those certain plots, pieces and parcels of land more particularly described in Schedule A attached hereto and made a part hereof (the "Property"), together with the buildings, fixtures and improvements thereon erected,

Together with all right, title and interest, if any, of Grantor in and to any streets and roads abutting the Property to the center lines thereof,

Together with the easements, appurtenances and other hereditaments appurtenant to the Property and all the estate and rights of Grantor in and to said Property, subject to all easements, rights of way and other matters of record affecting same, but

*Provided,* that Grantor expressly saves, retains, reserves and excepts from this conveyance unto itself and its successors and assigns, all right, title and interest in and to any oil, gas, and other minerals (including, without limitation, helium, lignite, sulphur, phosphate and other solid, liquid and gaseous substances), regardless of the nature thereof and whether similar or dissimilar but only to the

1241 Boylston & Ipswich Streets
Boston, MA
Suffolk County
MA 94

28

23009   235

extent any of the foregoing is in its natural state and natural location and not subject to the dominion and control of any person, and the right to explore for, develop and produce same, as well as the right to lease such portion of the Property hereby reserved for such purposes, and all mineral and royalty rights whatsoever in, on, under and pertaining to the Property; but Grantor, its successors and assigns, shall have no right to use, or right of ingress to or egress from any part of the surface of the Property for exploration and producing purposes; and any oil and gas drilling operations, shall be conducted by means of wells, the surface locations of which are on other lands and which may be drilled into and bottomed in or under the Property. Grantor shall exercise its rights under the foregoing mineral, oil and gas reservation so as not to disturb the use or operation of the Property or any improvements, installations, petroleum or other products contained in such improvements or installations or surface activities on the Property. Grantor is to receive and retain all bonuses, rentals and royalties payable under any such mineral, oil and gas lease or leases.

Grantor may assign, transfer, sell or convey such oil, gas and mineral reservation to any person, corporation, partnership or other entity.

To have and to hold the Property unto Grantee, its heirs, successors and assigns forever.

Each Grantor covenants that it has not done or suffered anything whereby the Property has been encumbered in any way whatever, except for the aforesaid reservation of oil, gas and other minerals. The preceding sentence is for the benefit of Grantee and the parties now or hereafter constituting Grantee and may not be relied on or enforced by any other entity, including, without limitation, any direct or remote successor in title to Grantee or any title insurer of Grantee or its direct or remote successors in title, by way of subrogation or otherwise.

Property Address: 1241 Boylston & Ipswich Streets, Boston, MA

IN WITNESS WHEREOF, Grantor has duly executed this Special Warranty Deed the day and year first above written.

STAR ENTERPRISE, a New York
general partnership

By:_____
Name: _____
Title:___Chief Executive Officer

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                    SUPERIOR COURT
                                               CIVIL ACTION NO. 05-2518G

```
                                    )
PATRA, LLC., and                    )
ILIAS GIANNAKOPOULOS,               )
         Plaintiffs,                )
                                    )
v.                                  )
                                    )
MOTIVA ENTERPRISES, LLC, and        )
STEVEN L. SANTORO                   )
         Defendants.                )
_____)
```

## JUDICIAL ENDORSEMENT PURSUANT TO GENERAL LAWS, CHAPTER 184, SECTION 15 REGARDING *LIS PENDENS*

Upon review of the foregoing *Lis Pendens*, the Court find, and this shall constitute an

endorsement as required by General Laws, Chapter 184, Section 15, that the subject matter of the

action relating to this *Lis Pendens*, constitutes a claim or right, title, use or occupation of real

property or buildings.

Accordingly, said Verified Complaint affects title to real property located at

1241 Boylston Street, Boston, Suffolk County, Massachusetts, held in the name of the Defendant

Motiva Enterprises, LLC, and the Court hereby approves the above Memorandum of *Lis*

*Pendens*.

_____
                                                    Justice

Dated: June 21, 2005

{K0303444.1}

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                    SUPERIOR COURT
                                               CIVIL ACTION NO. 05-2518G

PATRA, LLC., and                          )
ILIAS GIANNAKOPOULOS,                     )
            Plaintiffs,                    )
                                          )
v.                                        )
                                          )
MOTIVA ENTERPRISES, LLC, and             )
STEVE L. SANTORO                          )
            Defendants.                    )

## AFFIDAVIT OF ERIK J. FRICK, ESQUIRE

I, Erik J. Frick, Esquire, am the attorney for the above-named Plaintiffs and hereby do

certify that on June 22, 2005 I gave notice to the below parties that Plaintiffs' Motion for

Approval of a Memorandum of *Lis Pendens* was allowed on June 21, 2005, by mailing the

Motion, the Findings and Approval by the Court and the within Affidavit by certified mail,

return receipt requested, to the parties at the below addresses:

Motiva Enterprises, LLC                   Steve Santoro
12700 Northborough Drive                  PMB 405, 5 Manmar Drive
Suite 100                                 Plainville, MA 02762
Houston, TX 77067

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS $22^{\curvearrowright}$ DAY OF

JUNE, 2005

Erik J. Frick

{K0303456.1}