UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRA, LLC and<br>ILIAS GIANNAKOPOULOS,<br>Plaintiffs,<br><br>v.<br><br>MOTIVA ENTERPRISES, LLC, and<br>STEVE L. SANTORO,<br>Defendants. | CIVIL ACTION NO. 05-11471-RGS |

## ANSWER TO COMPLAINT

Now come the defendants Motiva Enterprises, LLC ("Motiva") and Steven L. Santoro ("Santoro"), and hereby answer the like-numbered paragraphs of the complaint of Patra, LLC ("Patra") and Ilias Giannakopoulos ("Giannakopoulos"), as follows:

### I.   INTRODUCTION

1.   No response is required to this paragraph of the complaint. To the extent that paragraph 1 alleges wrongdoing on the part of defendants, such allegations are denied.

2.   No response is required to this paragraph of the complaint. To the extent that paragraph 2 alleges wrongdoing on the part of defendants, such allegations are denied.

### II.   PARTIES

3.   Defendants lack knowledge or information sufficient to either admit or deny the allegations contained in this paragraph of the complaint.

4. Defendants lack knowledge or information sufficient to either admit or deny the allegations contained in this paragraph of the complaint.

5. Defendants state that this paragraph of the complaint asserts a legal conclusion, and as such Defendants are not required to respond to the same. To the extent that paragraph 5 alleges wrongdoing on the part of defendants, such allegations are denied.

6. Defendant denies that plaintiff Patra LLC is a franchisee of Motiva. Defendants admit the remaining allegations contained in this paragraph of the complaint.

7. Defendants admit the allegations contained in this paragraph of the complaint.

### III.   GENERAL ALLEGATIONS

8. Defendants admit that Giannakopoulos has been its dealer and franchisee since 1972, and that his franchise is located at 1241 Boylston Street. Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations contained in this paragraph of the  complaint.

9. Defendants admit the allegations contained in this paragraph of the complaint.

10. Defendants state that this paragraph of the complaint asserts a legal conclusion, and as such Defendants are not required to respond to the same. To the extent that paragraph 10 alleges wrongdoing on the part of defendants, such allegations are denied.

11. Defendants admit the allegations contained in this paragraph of the complaint.

12. Defendants admit the allegations contained in this paragraph of the complaint.

13. Defendants state that Santoro believed that $2.3 million could be presented to Motiva for further consideration. Giannakopoulos indicated he was prepared to proceed based on that figure. The remaining allegations of this paragraph of the complaint are denied.

14.     Defendants admit that Santoro informed Giannakopoulos that a deposit was required to submit the Retailer Offer to Purchase. The remaining allegations of this paragraph of the complaint are denied.

15.     Defendants admit that Santoro informed Giannakopoulos that once Regional approvals had been obtained, that the Plaintiffs' offer would be sent to Motiva's headquarters in Houston, Texas for corporate approval. The remaining allegations of this paragraph of the complaint are denied.

16.     Defendants deny the allegations contained in this paragraph of the complaint.

17.     Defendants deny any agreement to sell the property for $2.3 million, deny that the changes suggested by Giannakopoulos and/or his counsel were "minor," and further deny that the Retailer Offer to Purchase was a "Purchase Agreement." The remaining allegations of this paragraph of the complaint are admitted.

18.     Defendants deny the allegations contained in this paragraph of the complaint.

19.     Defendants deny the allegations contained in this paragraph of the complaint.

20.     Defendants admit the allegations contained in this paragraph of the complaint.

21.     Defendants deny the allegations contained in this paragraph of the complaint.

22.     Defendants deny the allegations contained in this paragraph of the complaint.

23.     Defendants admit that Giannakopoulos was provided with a proposed new lease with terms as stated. The remaining allegations of this paragraph of the complaint are denied.

24.     Defendants admit that Giannakopoulos executed and delivered the lease to Motiva. The remaining allegations contained in this paragraph of the complaint are denied.

25.     Defendants state that at some time after October 11, 2004, Santoro called Giannakopoulos and told him that he had all the documents he needed from him at that time.

Santoro denies the statement that he told Giannakopoulos that he would take him and his son out to celebrate the same. Defendants admit that Santoro told Giannakopoulos that Motiva was putting the property out to bid, but denies that Santoro "suddenly changed course."

26. Defendants deny the allegations contained in this paragraph of the complaint.

27. Defendants admit the allegations contained in this paragraph of the complaint.

28. Defendants deny that they refused to acknowledge the plaintiffs' rights. The remaining allegations contained in this paragraph of the complaint are admitted.

## COUNT I

### (SPECIFIC PERFORMANCE)

29. No response is required to this paragraph of the complaint. To the extent that paragraph 29 alleges wrongdoing on the part of defendants, such allegations are denied.

30. Defendants deny the allegations contained in this paragraph of the complaint.

## COUNT II

### (BREACH OF CONTRACT)

31. No response is required to this paragraph of the complaint. To the extent that paragraph 31 alleges wrongdoing on the part of defendants, such allegations are denied.

32. Defendants deny the allegations contained in this paragraph of the complaint.

## COUNT III

### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

33.     No response is required to this paragraph of the complaint.  To the extent that paragraph 33 alleges wrongdoing on the part of defendants, such allegations are denied.

34.     Defendants are unable to respond to the allegation as to whether they owed the Plaintiffs a covenant of good faith and fair dealing, to the extent which this calls for a legal conclusion. The remaining allegations contained in this paragraph of the complaint are denied.

35.     Defendants deny the allegations contained in this paragraph of the complaint.

## COUNT IV

### (PROMISSORY ESTOPPEL)

36.     No response is required to this paragraph of the complaint. To the extent that paragraph 36 alleges wrongdoing on the part of defendants, such allegations are denied.

37.     Defendants deny the allegations contained in this paragraph of the complaint.

38.     Defendants deny the allegations contained in this paragraph of the complaint.

39.     Defendants deny the allegations contained in this paragraph of the complaint.

## COUNT V

### (BREACH OF FIDUCIARY DUTY)

40.     No response is required to this paragraph of the complaint.  To the extent that paragraph 40 alleges wrongdoing on the part of defendants, such allegations are denied.

41.     Defendants are unable to respond to the allegation as to whether their relationship with the Plaintiffs was fiduciary in nature, to the extent which this calls for a legal conclusion.

42. Defendants deny the allegations contained in this paragraph of the complaint.

## COUNT VI

### (MISREPRESENTATION)

43. No response is required to this paragraph of the complaint. To the extent that paragraph 43 alleges wrongdoing on the part of defendants, such allegations are denied.

44. Defendants deny the allegations contained in this paragraph of the complaint.

## COUNT VII

### (VIOLATION OF G.L. C. 93A)

45. No response is required to this paragraph of the complaint. To the extent that paragraph 45 alleges wrongdoing on the part of defendants, such allegations are denied.

46. Defendants are unable to respond to the allegations of this paragraph of the complaint, to the extent which this calls for a legal conclusion.

47. Defendants deny the allegations contained in this paragraph of the complaint.

48. Defendants deny the allegations contained in this paragraph of the complaint.

49. Defendants deny the allegations contained in this paragraph of the complaint.

50. Defendants deny the allegations contained in this paragraph of the complaint.

## COUNT VIII

### (CLASS ACTION)

51. No response is required to this paragraph of the complaint. To the extent that paragraph 51 alleges wrongdoing on the part of defendants, such allegations are denied.

52. No response is required to this paragraph of the complaint. To the extent that paragraph 52 alleges wrongdoing on the part of defendants, such allegations are denied.

53. Defendants deny the allegations contained in this paragraph of the complaint and further state that the facts as pled by Plaintiffs do not support a legal basis for a class action upon which relief may be granted.

54. Defendants deny the allegations contained in this paragraph of the complaint and further state that the facts as pled by Plaintiffs do not support a legal basis for a class action upon which relief may be granted.

55. Defendants deny the allegations contained in this paragraph of the complaint and further state that the facts as pled by Plaintiffs do not support a legal basis for a class action upon which relief may be granted.

56. Defendants deny the allegations contained in this paragraph of the complaint and further state that the facts as pled by Plaintiffs do not support a legal basis for a class action upon which relief may be granted.

57. Defendants deny the allegations contained in this paragraph of the complaint and further state that the facts as pled by Plaintiffs do not support a legal basis for a class action upon which relief may be granted.

58. Defendants deny the allegations contained in this paragraph of the complaint and further state that the facts as pled by Plaintiffs do not support a legal basis for a class action upon which relief may be granted.

59. No response is required to this paragraph of the complaint. To the extent that paragraph 59 alleges wrongdoing on the part of defendants, such allegations are denied.

60. Defendants deny the allegations contained in this paragraph of the complaint and further state that the facts as pled by Plaintiffs do not support a legal basis for a class action upon which relief may be granted.

61. No response is required to this paragraph of the complaint. To the extent that paragraph 61 alleges wrongdoing on the part of defendants, such allegations are denied.

62. No response is required to this paragraph of the complaint. To the extent that paragraph 62 alleges wrongdoing on the part of defendants, such allegations are denied.

63. Defendants deny the allegations contained in this paragraph of the complaint and further state that the facts as pled by Plaintiffs do not support a legal basis for a class action upon which relief may be granted.

## COUNT IX

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

64. No response is required to this paragraph of the complaint. To the extent that paragraph 64 alleges wrongdoing on the part of defendants, such allegations are denied.

65. Defendants deny the allegations contained in this paragraph of the complaint.

66. Defendants deny the allegations contained in this paragraph of the complaint.

67. Defendants deny the allegations contained in this paragraph of the complaint.

68. Defendants deny the allegations contained in this paragraph of the complaint.

69. Defendants deny the allegations contained in this paragraph of the complaint.

70. Defendants deny the allegations contained in this paragraph of the complaint.

## COUNT X

(<u>VIOLATION OF PETROLEUM MARKETING PRACTICES ACT, 15 U.S.C. § 2801, *et seq.*</u>)

71.     No response is required to this paragraph of the complaint. To the extent that paragraph 71 alleges wrongdoing on the part of defendants, such allegations are denied.

72.     Defendants are unable to respond to the allegations of this paragraph of the complaint, to the extent which this calls for a legal conclusion.

73.     Defendants deny the allegations contained in this paragraph of the complaint.

## COUNT XI

(<u>INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS</u>)

74.     No response is required to this paragraph of the complaint. To the extent that paragraph 74 alleges wrongdoing on the part of defendants, such allegations are denied.

75.     Defendants deny the allegations contained in this paragraph of the complaint.

76.     Defendants deny the allegations contained in this paragraph of the complaint.

77.     Defendants deny the allegations contained in this paragraph of the complaint.

**<u>AFFIRMATIVE DEFENSES</u>**

<u>FIRST AFFIRMATIVE DEFENSE</u>

The plaintiffs' complaint fails to state any claim against the defendants upon which relief may be granted, because even if all of the allegations of this claim are accepted as true, the plaintiffs have not pled facts showing that a valid contract or agreement was formed between the plaintiffs and defendants.

### SECOND AFFIRMATIVE DEFENSE

To the extent that the defendants had any obligations to the plaintiffs, such obligations have been fully, completely, and properly performed in every respect.

### THIRD AFFIRMATIVE DEFENSE

If a valid contract existed between the parties, which defendants expressly deny, the plaintiffs breached the terms and conditions of such agreement, and therefore the plaintiffs cannot recover.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' damages were the result of the actions of a third party, over whom these defendants exercised no control, and therefore the plaintiffs may not recover against defendants.

### FIFTH AFFIRMATIVE DEFENSE

The acts or omissions complained of by the plaintiffs were not within the scope of any contractual obligations undertaken by the defendants.

### SIXTH AFFIRMATIVE DEFENSE

Any failure of defendants to perform any contractual obligation(s) under a contract with the plaintiffs, if such a valid contract existed, was the result of impossibility, impracticability, and/or frustration of performance.

### SEVENTH AFFIRMATIVE DEFENSE

If a valid contract existed, which defendants expressly deny, defendants had no duty to perform, as plaintiffs did not perform to defendants' satisfaction.

### EIGHTH AFFIRMATIVE DEFENSE

If a valid contract existed, which defendants expressly deny, plaintiffs may not recover as they failed to mitigate their damages.

### NINTH AFFIRMATIVE DEFENSE

Count One of the plaintiffs' complaint is barred, because the plaintiffs agreed to release Motiva from any claims for specific performance in the event the Retailer Offer to Purchase was not consummated.

### TENTH AFFIRMATIVE DEFENSE

Count One of the plaintiffs' complaint is barred, because the plaintiffs agreed to waive any right to sue for specific performance in the event the Retailer Offer to Purchase was not consummated.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover, because they agreed to waive and release Motiva from all claims from any non-acceptance of the Retailer Offer to Purchase.

### TWELFTH AFFIRMATIVE DEFENSE

Because of their own actions or failure to act, the plaintiffs are estopped from maintaining this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

Because of their own actions or failure to act, the plaintiffs have waived their right to any claims they might have had and the complaint is therefore barred.

### FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiffs have released Motiva from liability for any claims they might have had, and the complaint is therefore barred.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that the plaintiffs' complaint is based on contract, and defendants expressly deny that a valid contract existed, the complaint is barred due to the non-occurrence of a condition precedent.

### SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiffs may not recover, as they did not justifiably rely on any material representations made by the defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

If the plaintiffs relied on any representations by the defendants, such reliance was not reasonable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiffs cannot recover as to Count III of their complaint, as they are seeking to invoke rights and duties which were not otherwise provided for in the contemplated contractual relationship.

### NINETEENTH AFFIRMATIVE DEFENSE

The plaintiffs cannot recover as to Count V, because the commercial relationship between plaintiffs and defendants was not fiduciary in nature.

### TWENTIETH AFFIRMATIVE DEFENSE

If Giannakopoulos suffered emotional distress, it was not caused by the acts or omissions of defendant Santoro.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The plaintiffs cannot recover as to Count IX, because Giannakopoulos did not suffer physical harm.

### TWENTY- SECOND AFFIRMATIVE DEFENSE

The plaintiffs cannot recover as to Count XI, as the plaintiffs had neither a contract nor advantageous business relations with the adjacent property owners.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The plaintiffs cannot recover, as they did not suffer pecuniary harm due to the defendants' actions or inactions.

### TWENTY- FOURTH AFFIRMATIVE DEFENSE

The plaintiffs cannot recover as to Count XI, as the defendants' acts did not induce or otherwise cause the adjacent property owners not to enter into a contract with Giannakopoulos.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The plaintiffs lack standing to state a cause of action under the Petroleum Marketing Practices Act, as the defendants neither terminated nor failed to renew a franchise.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The plaintiffs cannot recover as to Count VIII, as they have failed to demonstrate ability to satisfy the requirements for class certification pursuant to MRCP 23 and FRCP 23.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs are not entitled to relief in equity as the same would bestow upon them greater rights than they would be entitled to under the alleged contract or agreement.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs are not entitled to relief in equity, as this would result in a windfall to which they would not be permitted in law or in equity.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The plaintiffs may not recover as to Count VII of the complaint, as their demand for relief was insufficient under G.L. c. 93A.

### THIRTIETH AFFIRMATIVE DEFENSE

To the extent that any valid contract was formed between the parties, and defendants expressly deny that any such valid contract was formed, then this action is barred by the express terms of this contract.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The defendants reserve the right to offer additional defenses that cannot now be articulated due to the plaintiffs' failure to particularize their claims. Upon further particularization of the plaintiffs' claims, or upon further discovery, defendants reserve the right to amend their answer and assert additional defenses as appropriate.

WHEREFORE, defendants Motiva Enterprises, LLC and Steven L. Santoro pray that the Court determine and adjudge:

I.    That the complaint be dismissed on the merits;

II.    That the plaintiffs take nothing by the complaint;

III.    That the Court deny the plaintiffs' request for a preliminary injunction;

IV.    That the defendants be awarded their costs, disbursements, attorneys' fees, and expenses incurred herein; and

V.    That the defendants be awarded such other and further relief as the Court may deem proper.

Dated: July 18, 2005

**MOTIVA ENTERPRISES, LLC and STEVE L. SANTORO**
By Their Attorneys,

 /s/ Amy Cashore Mariani
William L. Parker, BBO# 549839
Amy Cashore Mariani, BBO # 630160
Anne-Marie Gerber, BBO# 649337
**FITZHUGH, PARKER, & ALVARO, LLP**
155 Federal Street, Suite 1700
Boston, MA 02110-1727
(617) 695-2330

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2005, I have served the above *Answer to Complaint* upon all counsel of record listed below by regular mail, postage prepaid.

Erik J. Frick, Esq.
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110

                                                                  /s/ Melissa Wangenheim
                                                                  Melissa Wangenheim