**FITZHUGH, PARKER & ALVARO LLP**
**ATTORNEYS AT LAW**

**155 FEDERAL STREET**
**SUITE 1700**
**BOSTON, MA 02110-1727**
**TELEPHONE: (617) 695-2330**
**FAX: (617) 695-2335**
**WWW.FITZHUGHLAW.COM**

| | |
|---|---|
| MICHAEL A. FITZHUGH | KATHLEEN GROVER v |
| WILLIAM L. PARKER | BARBARA L. HORAN |
| FERDINAND ALVARO, JR. ● | ROBERT P. LA HAIT |
| MARK A. NEWCITY ∆ | AMY CASHORE MARIANI * |
| | JEFFREY B. L. MELLER ♭§ |
| | SUSAN M. MORRISON |
| CAROL J. ANGUILLA ♦· | JEFFREY A. NOVINS ● |
| FRANK CAMPBELL JR. * | EDWARD P. O'LEARY † |
| JOSEPH M. CODEGA ○· | STEVEN M. PRICE |
| FREDERICK E. DASHIELL* | JEFFREY F. RICHARDSON○· |
| LUCY ELANDJIAN * | SONIA L. SKINNER |
| ANNE-MARIE H. GERBER + | DAVID JON VOLKIN |

RHODE ISLAND OFFICE

571 PONTIAC AVENUE
CRANSTON, RI 02910
TELEPHONE (401) 941-3220
FAX (401) 941-3055

CONNECTICUT OFFICE

ONE CONSTITUTION PLAZA
SUITE 900
HARTFORD, CT 06103
TELEPHONE: (860) 549-6803
FAX: (860) 728-0546

\* OF COUNSEL
♭ INTERNATIONAL COUNSEL

UNLESS DESIGNATED OTHERWISE, OUR ATTORNEYS ARE ADMITTED ONLY IN MASSACHUSETTS

| | |
|---|---|
| + ALSO ADMITTED IN CALIFORNIA | † ALSO ADMITTED IN NEW HAMPSHIRE |
| ∆ ALSO ADMITTED IN CONNECTICUT | ○ ONLY ADMITTED IN RHODE ISLAND |
| ∇ ONLY ADMITTED IN CONNECTICUT | ○ ALSO ADMITTED IN RHODE ISLAND |
| ● ALSO ADMITTED IN NEW YORK | · ONLY ADMITTED IN WASHINGTON, D.C. |
| ♭ ONLY ADMITTED IN VERMONT | ♦ ONLY ADMITTED IN MARYLAND |

July 14, 2005

Clerk for Civil Business
U.S. District Court for the District of Massachusetts
1 Courthouse Way, Suite 2330
Boston, MA 02110

   Re:   Patra, LLC., and Ilias Giannakopoulos v. Motiva Enterprises, LLC., and Steve L.
         Santoro, Civil Action No. 05-11471-RGS

Dear Sir or Madam:

       Enclosed, please find certified copies of all documents entered into the state court docket
in the above-referenced action. This case has recently been removed to the United States District
Court for the District of Massachusetts from the Suffolk County Superior Court.

       Thank you for your attention to this matter. Please do not hesitate to call me if you have
any questions or concerns.

                                              Very truly yours,

                                              Melissa Wangenheim
                                              Paralegal

Enc.



Suffolk Superior Civil # 05-2518

I hereby certify on 5/4/06 that the foregoing document is true and correct copy of the electronic docket in the captioned case electronically filed original filed v original filed in my office on Sarah A. Thornton Clerk, U.S. District Court District of Massachusetts

By:
Deputy Clerk.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

)
PATRA, LLC., and )
ILIAS GIANNAKOPOULOS, )
) **05  1  1  4  7  1  RGS**
Plaintiffs, )
)
v. ) Civil Action No.
)
MOTIVA ENTERPRISES, LLC, )
and STEVE L. SANTORO )
) **MAGISTRATE JUDGE**
Defendants. )
)

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATED DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

The defendants, Motiva Enterprises, LLC, and Steve L. Santoro, file this Petition for Removal pursuant to 28 U.S.C. §1446(a), and respectfully submit that:

1. On or about June 23, 2005, Motiva Enterprises, LLC, and Steve L. Santoro received a Summons, together with the Complaint in the matter entitled *Patra, LLC., and Ilias Giannakopoulos v. Motiva Enterprises, LLC, and Steve L. Santoro,* Suffolk County Superior Court, Civil Action No. 05-2518G. True, accurate and complete copies of the Summons and Complaint are attached hereto as Exhibit "A."

2. Removal to the United States District Court for the District of Massachusetts in Boston is appropriate as (1) per 28 U.S.C. §1331, the United States District Court has original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States, and (2) the United States District Court for the District of Massachusetts, Eastern Section

embraces the place, i.e., Suffolk County, where the action is pending. 28 U.S.C. §1441(a).

3.    Original jurisdiction is based upon a federal question. Plaintiffs, Patra LLC., and Ilias Giannakopoulos, claim in Count X of their Verified Complaint that Defendants are in violation of the Petroleum Marketing Practices Act (PMPA), (15 USC §2801, et seq.) *See* Complaint attached hereto as Exhibit "A", ¶ 71-73.

4.    This Notice of Removal is being filed within the time period required by law. 28 U.S.C. § 1441(b).

5.    Also attached hereto as Exhibit B are true and accurate copies of all pleadings filed to date.

6..    Promptly after the filing of this Notice of Removal, a copy of the Notice will be filed with the Clerk of Courts for the Suffolk County Superior Court, and all adverse parties will receive written notice of the filing of this Notice of Removal.

WHEREFORE, defendants Motiva Enterprises, LLC, and Steve L. Santoro, pray that this action be removed from the Suffolk County Superior Court to the United States District Court for the District of Massachusetts.

> **MOTIVA ENTERPRISES, LLC. and STEVEN L. SANTORO**
> By Their Attorneys,
>
> William L. Parker, BBO# 549839
> Amy Cashore Mariani, BBO # 630160
> Anne-Marie Gerber, BBO# 649337
> **FITZHUGH, PARKER, & ALVARO, LLP**
> 155 Federal Street, Suite 1700
> Boston, MA 02110-1727
> (617) 695-2330

2

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2005, I have served the above *Notice of Removal* upon all counsel of record listed below by regular mail, postage prepaid.

Erik J. Frick, Esq.
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110

Melissa Wangenheim

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT
CIVIL ACTION NO. 05-2518G

PATRA, LLC., and )
ILIAS GIANNAKOPOULOS, )
)
    Plaintiffs, )
)
v. )
)
MOTIVA ENTERPRISES, LLC, )
and STEVE L. SANTORO )
)
    Defendants. )
_____ )

## **NOTICE OF FILING OF NOTICE OF REMOVAL**

The defendants, Motiva Enterprises, LLC, and Steve L. Santoro, hereby give notice that

on July 12, 2005, they served a Notice of Removal to the United States District Court for the

District of Massachusetts pursuant to 28 U.S.C. §1441(b). A certified copy of the defendant's

Notice of Removal is attached hereto.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of

this Notice removes this action to the Federal Court, and this Court may "proceed no further

unless and until the case is remanded." 28 U.S.C. § 1446(d).

**MOTIVA ENTERPRISES, LLC., and
STEVE L. SANTORO**
By Their Attorneys,

Willam L. Parker
BBO# 549839
Amy Cashore Mariani
BBO # 630160
Anne-Marie Gerber
BBO# 649337
**FITZHUGH, PARKER, & ALVARO, LLP**
155 Federal Street, Suite 1700
Boston, MA 02110-1727
(617) 695-2330

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2005, I have served the above *Notice of Filing of Notice of Removal* upon all counsel of record listed below by regular mail, postage prepaid.

Erik J. Frick, Esq.
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110

Melissa Wangenheim

2

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

# SUCV2005-02518
## Patra LLC et al v Motiva Enterprises LLC et al

| **File Date** | 06/21/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
|---|---|---|---|---|---|
| **Status Date** | 07/12/2005 | **Session** | G - Civil G, 3 Pemberton Square, Boston | | |
| **Origin** | 1 | **Case Type** | A08 - Sale/lease real estate | | |
| **Lead Case** | | **Track** | F | | |
| **Service** | 09/19/2005 | **Answer** | 11/18/2005 | **Rule12/19/20** | 11/18/2005 |
| **Rule 15** | 11/18/2005 | **Discovery** | 04/17/2006 | **Rule 56** | 05/17/2006 |
| **Final PTC** | 06/16/2006 | **Disposition** 08/15/2006 | | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Patra LLC
Active 06/21/2005

**Private Counsel 297840**
Robert W Levy
Eckert Seamans Cherin & Mellott
1 International Place
18th floor
Boston, MA 02110
Phone: 617-342-6800
Fax: 617-342-6899
Active 06/21/2005 Notify

**Private Counsel 553336**
Erik J Frick
Eckert Seamans Cherin & Mellott
1 International Place
18th floor
Boston, MA 02110
Phone: 617-342-6800
Fax: 617-342-6899
Active 06/21/2005 Notify

**Plaintiff**
Ilias Giannakopoulos
Active 06/21/2005

**Private Counsel 297840**
Robert W Levy
Eckert Seamans Cherin & Mellott
1 International Place
18th floor
Boston, MA 02110
Phone: 617-342-6800
Fax: 617-342-6899
Active 06/21/2005 Notify

**Private Counsel 553336**
Erik J Frick
Eckert Seamans Cherin & Mellott
1 International Place
18th floor
Boston, MA 02110
Phone: 617-342-6800
Fax: 617-342-6899
Active 06/21/2005 Notify

MASXP-20050325
guen

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

07/12/2005
02:27 PM

## SUCV2005-02518
## Patra LLC et al v Motiva Enterprises LLC et al

**Defendant**
Motiva Enterprises LLC
Served: 06/22/2005
Served (answr pending) 07/01/2005

**Private Counsel 549839**
William L Parker
Fitzhugh Parker & Alvaro
155 Federal Street
Suite 1700
Boston, MA 02110-1727
Phone: 617-695-2330
Fax: 617-695-2335
Active 07/12/2005 Notify

**Private Counsel 630160**
Amy C Mariani
Fitzhugh Parker & Alvaro
155 Federal Street
Suite 1700
Boston, MA 02110-1727
Phone: 617-695-2330
Fax: 617-695-2335
Active 07/12/2005 Notify

**Private Counsel 649337**
Anne-Marie H Gerber
Fitzhugh Parker & Alvaro
155 Federal St
Suite 1700
Boston, MA 02110
Phone: 617-695-2330
Active 07/12/2005 Notify

**Defendant**
Steve L Santoro
Service pending 06/21/2005

**Private Counsel 549839**
William L Parker
Fitzhugh Parker & Alvaro
155 Federal Street
Suite 1700
Boston, MA 02110-1727
Phone: 617-695-2330
Fax: 617-695-2335
Active 07/12/2005 Notify

**Private Counsel 630160**
Amy C Mariani
Fitzhugh Parker & Alvaro
155 Federal Street
Suite 1700
Boston, MA 02110-1727
Phone: 617-695-2330
Fax: 617-695-2335
Active 07/12/2005 Notify

MASXP-20050325
guen

# Commonwealth of Massachusetts
## SUFFOLK SUPERIOR COURT
### Case Summary
### Civil Docket

07/12/2005
02:27 PM

# SUCV2005-02518
## Patra LLC et al v Motiva Enterprises LLC et al

Private Counsel 649337
Anne-Marie H Gerber
Fitzhugh Parker & Alvaro
155 Federal St
Suite 1700
Boston, MA 02110
Phone: 617-695-2330
Active 07/12/2005 Notify

## ENTRIES

| Date | Paper | Text |
|------|-------|------|
| 06/21/2005 | 1.0 | Complaint & jury demand on complaint (all issues) |
| 06/21/2005 | | Origin 1, Type A08, Track F. |
| 06/21/2005 | 2.0 | Civil action cover sheet filed |
| 06/23/2005 | 3.0 | Plaintiffs' ex parte MOTION for findings pursuant to Gl c. 184 sec 15, filed & ALLOWED on 6/21/05 (Carol Ball, Jsutice) |
| 06/23/2005 | 4.0 | ORDER re: Judicial Endorsement Pursuant to GL c184 Sec 12 regarding Lis Pendens (Carol S. Ball, Justice) (entered 6/21/05) |
| 06/23/2005 | 5.0 | ORDER re: Memorandum Lis Pendens & APPROVED (Carol S. Ball, Justice) |
| 07/01/2005 | 6.0 | SERVICE RETURNED: Motiva Enterprises LLC(Defendant) (In hand to Y Concepcion) |
| 07/12/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Defts. Motiva Enterprises, llc, and Steve L. Santoro U. S. Dist.#(05-11471RGS). |
| 07/12/2005 | | Case REMOVED this date to US District Court of Massachusetts |

## EVENTS

I HEREBY ATTEST AND CERTIFY ON

JULY 12, 2005, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

ASSISTANT CLERK.

case01 249076 y y y y y y

Page 3 of 3

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                          SUPERIOR COURT
                                     CIVIL ACTION NO.

)
PATRA, LLC., and                     )          05-2518
ILIAS GIANNAKOPOULOS,                )
          Plaintiffs,                )
                                     )
v.                                   )
                                     )
MOTIVA ENTERPRISES, LLC, and         )
STEVE L. SANTORO                     )
          Defendants.                )
_____)

## **VERIFIED COMPLAINT**

### I.    INTRODUCTION

1.    Plaintiffs Patra, LLC and Ilias Giannakopoulos (collectively the "Plaintiffs")

bring this action against the Defendant Motiva Enterprises, LLC ("Defendant Motiva") for

specific performance, breach of contract, breach of covenant of good faith and fair dealing,

promissory estoppel, breach of fiduciary duty, misrepresentation, and unfair and deceptive trade

practices in violation of General Laws, Chapter 93A. Additionally, Plaintiffs bring this action

against Defendant Motiva on behalf of other similarly situated franchisees and/or retailers, and

seeks class certification.

2.    Plaintiffs also assert claims against Defendant Steve L. Santoro, personally, for

fraudulent misrepresentation, unfair and deceptive trade practices in violation of General Laws,

Chapter 93A, and intentional infliction of emotional distress.

{K0302452.1}

## II.    PARTIES

3.      Plaintiff Patra, LLC ("Patra") is a Massachusetts limited liability corporation and maintains its offices at 1241 Boylston Street, Boston, Massachusetts.

4.      Plaintiff Ilias Giannakopoulos ("Giannakopoulos") is an individual, and also the manager of Patra.  Giannakopoulos resides in Newton, Massachusetts.

5.      Plaintiff is a franchisee and/or retailer under the Petroleum Marketing Practices Act, 15 U.S.C. § 280 *et seq.*, and General Laws, Chapter 93E, and it falls within the protections of those statutes.

6.      Defendant Motiva is a Delaware Limited Liability Company owned and/or controlled by holding companies for and/or by Shell Company, and which are headquartered at 12700 Northboro Drive, Houston, Texas, and maintains Massachusetts offices at 5 Manmar Drive, Plainville, Massachusetts.  Defendant Motiva is the franchisor of the Plaintiff, who is a retailer for the sale of branded gasoline and petroleum products.

7.      Defendant Steve L. Santoro is the area real estate manager for Motiva Enterprises, LLC, with a usual place of business at Manmar Drive, Plainville, Massachusetts.

## III.    GENERAL ALLEGATIONS

8.      Plaintiff Giannakopoulos has been and is an exemplary and award winning dealer and continual franchisee of the Defendant Motiva, or its predecessors, since 1972 and at 1241 Boylston Street, Boston Massachusetts since 1978.

9.      Defendant Motiva owns the real estate located at 1241 Boylston Street, Boston, Massachusetts (the "Property") on which the Plaintiff first operated a Texaco Service Station and now operates a Shell Service Station pursuant to a Retail Facility Lease Agreement (the "Lease").

10.     During the term of the Lease, Plaintiff has the right of first refusal in connection with any sale of the Property.

11.     Giannakopoulos informed the Defendant Motiva that he was interested in purchasing the Property on numerous occasions.

12.     Prior to 2004, Defendant Motiva responded to Giannakopoulos' expressions of interest by informing him that the Property was not for sale.

13.     In 2004, as was well known to Defendant Motiva and Defendant Santoro, Giannakopoulos was involved in negotiations for the acquisitions of a building and appurtenant parking rights for a property located on Boylston Street (the "Adjacent Property") adjacent to the Property. Prior to the consummation of an agreement for the acquisition of those premises, Defendant Santoro asked Giannakopoulos if he was interested in purchasing the Property. Defendant Santoro told Giannakopoulos not to purchase the Adjacent Property, and further told Giannakopoulos that he should and could buy the Property. Defendant Santoro and Plaintiffs agreed upon a purchase price of $2.3 million, and Defendant Santoro represented that provided an independent appraisal came in close to the $2.3 million agreed upon price, in which Santoro expressed confidence, that the price would be acceptable to the Defendant Motiva.

14.     Defendant Santoro continued by telling Plaintiffs that they needed to provide a 10% deposit, and once Plaintiffs provided the 10% deposit they needed to be sure that they had obtained financing, as the deposit would be non-refundable, and once accepted, it would be a done deal.

15.     Defendant Santoro also informed Plaintiffs that once all local and regional approvals had been obtained, that Plaintiffs' offer would be sent to Motiva's headquarters in Houston, Texas for approval, but that headquarters' approval would only be a formality and not

to worry about it. Defendant Santoro further represented that he had never participated in or been aware of a sale approved by a region which was rejected by headquarters in Houston.

16.     After he received the independent appraisal, Defendant Santoro called the Plaintiffs and informed them that he had good news as the appraisal came in lower than the agreed upon price of $2,300,000.00. Defendant Santoro informed the Plaintiffs that it was only a matter of putting the paperwork together before Defendant Motiva would convey title to the Property to Plaintiff.

17.     Consistent with their agreement, Defendant Santoro requested that the Plaintiffs enter into a Retailer Offer to Purchase for the Premises (the "Purchase Agreement") in a form and content provided by Defendant Santoro and Defendant Motiva. With minor changes previously approved by Defendant Santoro and Defendant Motiva, Plaintiff Giannakopoulos executed and delivered the Purchase Agreement on October 15, 2004 together with a $230,000.00 bank check as the 10% deposit.

18.     Thereafter Defendant Santoro, individually and on behalf of Defendant Motiva, represented to Plaintiff Giannakopoulos that all approvals for the sale had been obtained by the appropriate parties of Defendant Motiva and that the Purchase Agreement was going to Houston for execution, which was a mere formality.

19.     During numerous other occasions thereafter, Defendant Santoro represented to Plaintiffs and others that Defendants were selling the Property to the Plaintiffs.

20.     Consistent with and in accordance with the terms of the Purchase Agreement, Defendant Motiva delivered to counsel for the Plaintiffs: (1) a title commitment issued by Fidelity National Title Insurance Company; (2) Motiva's environmental reports, consisting of voluminous environmental reports pertaining to the premises; (3) had the UST System at the

Property tested by a third party; and (4) delivered and requested that Giannakopoulos execute a Shell Brand Supply Agreement with a ten (10) year term covering the sale and purchase of Shell brand motor fuel at the retail outlet situated at the Property, which Giannakopoulos promptly signed and delivered to Defendant Motiva's authorized representative.

21.    Subsequently, Defendant Motiva, by and through an authorized representative, sent Giannakopoulos a written acknowledgement of his purchase of the Property and his change in status to an open dealer.

22.    In reasonable reliance upon Defendants' representations and with Defendants' knowledge, Giannakopoulos, inter alia,: (1) terminated negotiations for the purchase of the Adjacent Property; (2) sought and obtained a bank commitment for financing of the acquisition of the Property; (3) engaged a licensed site professional to review the environmental reports pertaining to the Property; (4) engaged counsel to review the title commitments for the Property; and (5) incurred interest payments on, and the loss of use of, the $230,000.00 deposit.

23.    On or around January, 2005, Defendant Motiva provided Giannakopoulos with a proposed new Lease for the premises with a term of commencement date of April 1, 2005. The Lease contained a rent increase of over $10,000.00 per month, a 57% increase from the previous rent. Defendant Santoro told Giannakopoulos that the Lease was required as the existing Lease was about to expire, but that Giannakopoulos should not be concerned about it because he would have title to the Property by then and the Lease would be of no force and effect.

24.    Giannakopoulos still questioned the substantial increase of his rent and expressed his concerns about the viability of his business with such exorbitant rental costs. In response, Mr. Santoro again told Giannakopoulos not to worry because he would have title to the Property by the time the Lease term was effective. In reasonable reliance on these representations,

Giannakopoulos executed and delivered the Lease to Motiva. In further reliance on these representations, Giannakopoulos and Patra did not exercise their right to have an independent appraisal of the Property performed, known as a Re-Appraisal, to challenge the proposed rent increase.

25.     On or around February 2005, Defendant Santoro called Plaintiffs and informed them that he had received all the signed paperwork for the sale of the Property, and told Giannakopoulos that he was going to take Giannakopoulos and his son out to lunch to celebrate. Approximately two weeks later, not having received the signed Purchase Agreement and accompanying paperwork, and after noticing an article appearing in The Boston Globe, which reported that the Boston Red Sox were in the process of acquiring numerous properties in the Fenway Park area, Giannakopoulos spoke with Defendant Santoro. Defendant Santoro suddenly changed course and told Giannakopoulos that he would have to put the Property out to bid to the neighbors.

26.     Upon information and belief, Defendants have engaged in a pattern and practice of enticing franchisees and/or retailers to execute "Retail Offer to Purchase Premises" forms, and then wrongfully refusing or neglecting to sign or deliver the same after representing that the agreement had been approved.

27.     On April 5, 2005, Plaintiffs, by and through their attorney, mailed to Defendants a demand alleging, inter alia, violations of General Laws, Chapter 93A, and requesting written acknowledgment of Plaintiffs right to acquire the Property in accordance with their agreement.

28.     On or about May 5, 2005, Defendants responded to Plaintiffs' demand by denying all liability and refusing to acknowledge Plaintiffs' rights.

{K0302452.1}                                                           6

## COUNT I

## (SPECIFIC PERFORMANCE)

29.     Plaintiffs repeat and reallege Paragraphs 1 through 28 as if fully set forth therein.

30.     By the above-described actions, including, without limitation, the negotiation of Plaintiff $230,000 bank check and retaining the same, Defendant Motiva must be required to sell the Property and specifically perform by conveying the Property to Plaintiff Patra, LLC for $2.3 million.

## COUNT II

## (BREACH OF CONTRACT)

31.     The Plaintiff repeats and realleges Paragraphs 1 through 30 as if fully set forth herein.

32.     By the foregoing conduct, Defendant Motiva has breached its agreement to sell the Property to Plaintiff Patra, LLC with the Plaintiffs, which, as a direct result, have incurred monetary damages, including interest, and attorneys' fees.

## COUNT III

## (BREACH OF COVENANT AND GOOD FAITH AND FAIR DEALING)

33.     The Plaintiffs hereby repeat and reallege Paragraphs 1 through 32 above as if fully set forth herein.

34.     The Defendant Motiva owed to Plaintiffs a covenant of good faith and fair dealing and the Defendant breached said covenant by the above-described conduct.

35.     As a result of the Defendant Motiva's breach of the covenant of good faith and fair dealing, the Plaintiffs having incurred substantial monetary damages.

## COUNT IV

### (PROMISSORY ESTOPPEL)

36.     The Plaintiffs repeat and reallege Paragraphs 1 through 35 above as if fully set forth herein.

37.     Prior to borrowing $230,000 deposit and paying said funds to the Defendant Motiva, the Defendants promised to sell the Property to the Plaintiffs, who reasonably relied upon said promises to their detriment.

38.     The Defendants' conduct as described above constitutes a breach of its promise to sell the Property to the Plaintiffs.

39.     As a result of the foregoing, the Defendant Motiva is estopped from denying that it agreed to sell the Property to the Plaintiff and should be ordered to convey the Property to the Plaintiff Patra, LLC for the $2.3 million agreed upon purchase price.

## COUNT V

### (BREACH OF FIDUCIARY DUTY)

40.     The Plaintiffs repeat and reallege Paragraphs 1 through 39 above as if fully set forth herein.

41.     The relationship between the parties is one of fiduciary nature with each party owing a fiduciary duty to the other.

42.     As stated above, the Defendant Motiva has breached its fiduciary duty to the Plaintiffs and the Plaintiffs have incurred monetary damages as a direct result thereof.

## COUNT VI

## (MISREPRESENTATION)

43.     The Plaintiffs repeat and reallege Paragraphs 1 through 42, as if fully set forth

herein.

44.     As described above, the Defendants have committed intentional and negligent

misrepresentations against the Plaintiffs as:

(a)     They made false statements to the Plaintiffs as described above, which a
reasonable person would consider important in the decision that the Plaintiffs were about to
make;

(b)     When the Defendants made the statements and took said
actions/omissions, the Defendants either knew the statements were false or recklessly made the
same negligently and/or willfully disregarding the truth or falsity;

(c)     The Defendants made false statements, representations and actions with
the intention that the Plaintiffs would rely on the same in making their decisions;

(d)     The Plaintiffs did in fact rely on the Defendants' statements,
representations and actions as true, and their reliance was reasonable under the circumstances;
and

(e)     The Plaintiffs suffered financial loss as a result of relying upon the
Defendants' false statements, representations and actions.

## COUNT VII

## (VIOLATION OF G.L. 93A)

45.     The Plaintiffs repeat and reallege Paragraphs 1 through 44 above, as if fully set

forth herein.

46.     The Defendants conduct trade and commerce such that they fall within the

purview of General Laws, Chapter 93A.

47.     By the above-stated actions, the Defendants have violated multiple statutes and

laws including, but not limited to, the following:

(a)    The Petroleum Marketing Practice Act, 15 U.S.C., Section 2801, et seq. and the regulations hereunder;

(b)    The regulations of dealers agreement for the sale of gasoline; General Laws, Chapter 93E, and the regulations thereunder; and

(c)    The Massachusetts Anti-Trust Act, General Laws, Chapter 93, Section 1 et seq. and the regulations thereunder.

48.    The Defendants by their actions, representations and agreements have acted unconscionably toward the Plaintiffs and are wrongfully attempting to discourage competition by not permitting in the future the Plaintiffs to sell gasoline and petroleum products at the Property.

49.    By the above-stated acts the Defendants have knowingly, willfully and intentionally and/or recklessly committed unfair trade practices in violation of General Laws, Chapter 93A.

50.    As a direct result of the Defendants unfair trade practices, the Plaintiffs have incurred substantial monetary damages, plus interest, costs and reasonable attorneys' fees.

COUNT VIII

(CLASS ACTION)

51.    Plaintiffs repeat and reallege Paragraphs 1 through 50 above, as if each were fully set forth therein.

52.    The Plaintiff brings this action as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of all persons and entities who have been presented with any variant of Defendant Motiva's Retail Offer to Purchase Premises and any dealers who have been barred from selling petroleum/gas products (collectively "the Class").

53.    Upon information and belief, there are in excess of 200 such dealers who have dealt with the Defendant during the Class period commencing January, 2002 to date, and the members of the Class are so numerous that joinder of all members is impractical. The exact

{K0302452.1}    10

number of Class Members can be determined only by appropriate discovery. The Plaintiffs believe that such Class Members number in excess of 200 separate dealers.

54. To fairly represent the Class Members, two (2) categories are represented here by the Plaintiffs should be established: (a) dealers who have entered into and been presented with a "Retail Offer to Purchase Premises" by the Defendant Motiva; and (b) former dealers who have been constructively barred from selling petroleum/gasoline products.

55. The Plaintiffs' claims are typical of the members of the Class and the Plaintiffs and all members of the Class sustained damages as a result of the Defendant Motiva's wrongful conduct as described in this Verified Complaint.

56. The Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel who are competent and experienced in Class action litigation.

57. A Class Action is superior to other available methods for fair and efficient adjudication of this controversy. The damages suffered by many Class Members are relatively small, although significant, and many, especially those who have closed down, do not have the financial ability to proceed individually. Thus, the expense and burden of individual litigation makes it impractical for many Class Members individually to seek redress for the wrongful conduct alleged in this action.

58. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law common to the Class are: (a) whether the form "Retail Offer to Purchase Premises" contains unconscionable conditions; (b) whether the Defendant, as a matter of practice, delivers said "Retail Offer to Purchase Premises" and then refuses and/or neglects to

sign the same; (c) whether the defendant wrongfully attempts to coerce dealers into "voluntarily" closing down after they have decided not to keep a specific location; (d) whether the defendant in fact requires as a condition precedent that no petroleum or gasoline products may be sold at locations sold by the defendant; and (e) whether such acts constitute violations of statutes and regulations.

59.     The Plaintiffs know of no difficulty which will be encountered in the management of this litigation which precludes its maintenance as a Class Action.

60.     Certifying this as a Class Action would resolve these individual issues for all potential plaintiffs without the necessity of filing individual lawsuits. Additionally, class certification in this matter would not impose any significant burden upon the Court.

61.     In this case, certification of a Class is appropriate where the class of certification would not complicate or delay the disposition of this case, and the Plaintiffs would suffer no prejudices as a result of said certification, and, where certification would assure the Class Members that Plaintiff, would not avoid its responsibility in implicating any Court orders.

62.     The names and addresses of all Class Members are available from the Defendant Motiva and notice will be provided to Class Members via first class mail, using techniques and a notice mechanism approved by this Court.

63.     Plaintiffs and the Class Members have each suffered monetary loss in primarily equitable claims as a direct result of the defendants' unfair or deceptive business practices and/or acts.

## COUNT IX

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

64.     The Plaintiffs repeat and reallege Paragraphs 1 through 63 above, as if fully set forth herein.

65.     As described above, Defendant Santoro intentionally made misrepresentations to Plaintiffs and his conduct was extreme and outrageous and beyond the bounds of human decency.

66.     Plaintiffs relied on Defendant Santoro's statements to their detriment.

67.     Defendant Santoro intentionally inflicted emotional distress upon Giannakopoulos by making deliberate and intentional misrepresentations as described above.

68.     Upon information and belief, Defendant Santoro made such deliberate and intentional misrepresentations to advance his own personal agenda.

69.     Giannakopoulos suffered severe emotional distress as a direct result of the conduct of Defendant Santoro.

70.     Giannakopoulos suffered damages as a direct and proximate result of the severe emotional distress caused by Defendant Santoro.

## COUNT X

### (VIOLATION OF PETROLEUM MARKETING PRACTICES ACT, 15 USC § 2801, et seq.)

71.     The Plaintiffs repeat and reallege Paragraphs 1 through 70 above, as if fully set forth herein.

72.     The Defendant Motiva comes within the purview of the Petroleum Marketing Practices Act (15 USC § 2801 et seq.).

{K0302452.1}                                              13

73.     Based on the above-described conduct, Defendant Motiva has violated the

provisions of the Petroleum Marketing Practices Act, causing harm to the Plaintiffs and entitling

them to monetary damages therefore.

## COUNT XI

## (INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS)

74.     The Plaintiffs hereby repeat and reallege Paragraphs 1 through 73 above as if

fully set forth herein.

75.     Defendants knew that Plaintiffs were involved in negotiations to purchase the

Adjacent Property.

76.     Defendants intentionally and willfully interfered with Plaintiffs' negotiations to

purchase the Adjacent Property, by inducing Plaintiffs to cease negotiations with the Adjacent

Property owners by falsely misrepresenting that Defendants would sell the Property to Plaintiffs.

77.     As a direct, proximate and reasonably foreseeable result of Defendants' conduct,

Plaintiffs have suffered damages, including the loss of opportunity to purchase the Adjacent

Property.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs on their own behalf, and on behalf of others similar situated

(Class Members) prays for Judgment as follows:

1.      That the Defendants be ordered to convey to the Plaintiff Patra, LLC, the

Property, by good and sufficient quitclaim deed free and clear of any encumbrances;

2.      That a hearing be held and that the Court issue a Preliminary Injunction enjoining

and restraining Defendant Motiva Enterprises LLC from conveying, transferring, selling,

3

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT
CIVIL ACTION NO. 05-2518G

PATRA, LLC., and )
ILIAS GIANNAKOPOULOS, )
           Plaintiffs, )
 )
v. )
 )
MOTIVA ENTERPRISES, LLC, and )
STEVEN L. SANTORO )
           Defendants. )

## PLAINTIFFS' EX PARTE MOTION FOR FINDINGS PURSUANT TO GENERAL LAWS, CHAPTER 184, SECTION 15

Plaintiffs Patra, LLC and Ilias Giannakopoulos move this Honorable Court to make a finding that the subject matter of this action constitutes a claim of a right to title in real property and the buildings thereon located at 1241 Boylston Street, Suffolk County, Massachusetts.

In support of this Motion, Plaintiffs state that they have filed a Verified Complaint which seeks, in part, a claim of right to title to real estate held in the name of the Defendant Motiva Enterprises, LLC. The Defendant Motiva Enterprises, LLC currently owns and/or has an interest in 1241 Boylston Street, Boston, Suffolk County, Massachusetts (the "Property").

The Plaintiffs have made a demand for the Property from the Defendant Motiva Enterprises, LLC, but Defendant Motiva Enterprises, LLC has failed and refused to comply with these demands.

This action constitutes a claim of a right to title to 1241 Boylston Street, Boston, Suffolk County, Massachusetts. General Laws, Chapter 184, Section 15, provides in pertinent part:

Upon motion of a party, if the subject matter of the action constitutes a claim of a right to title to real property or the use and occupation thereof or the buildings thereon, a justice of the court in which the action is pending shall make a finding to that effect and endorse the finding upon the memorandum.

"The judge is required only to determine whether the action concerns a claim to some interest in real estate or some right to use or occupy it and may not inquire into the sufficiency of the plaintiff's claim." Sutherland v. Aolean Development Corp., 399 Mass. 36, 41 (1987). "With the mandate that the judge 'shall' find and endorse, Section 15 gives little discretion to the judge once the judge determines that the subject matter of the action concerns an interest in real estate." Id.

The Plaintiffs' desire to give their persons notice that they are entitled to a claim of right to title in the real estate currently held by the Defendant Motiva Enterprises, LLC.

WHEREFORE, the Plaintiffs pray that this Court will grant this Motion and make a finding that the subject matter of this action constitutes a claim of a right to title to real property and the buildings thereon pursuant to General Laws, Chapter 184, Section 15, and further that this Court endorse said findings on the Notice of *Lis Pendens* attached hereto.

I HEREBY ATTEST AND CERTIFY ON

JULY 12, 2005, THAT THE

FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

ASSISTANT CLERK.

Respectfully Submitted,

Patra, LLC and Ilias Giannakopoulos,

By their attorney,

Erik J. Frick, Esq., BBO #553336
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110
617-342-6853

Dated: June 21, 2005

{K0303439.1}                                   2

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                    SUPERIOR COURT
                                               CIVIL ACTION NO. 05-2518G

)
PATRA, LLC., and                               )
ILIAS GIANNAKOPOULOS,                          )
          Plaintiffs,                          )
                                               )
v.                                             )
                                               )
MOTIVA ENTERPRISES, LLC, and                   )
STEVEN L. SANTORO                              )
          Defendants.                          )
                                               )

## JUDICIAL ENDORSEMENT PURSUANT TO GENERAL LAWS, CHAPTER 184, SECTION 15 REGARDING *LIS PENDENS*

Upon review of the foregoing *Lis Pendens*, the Court find, and this shall constitute an

endorsement as required by General Laws, Chapter 184, Section 15, that the subject matter of the

action relating to this *Lis Pendens*, constitutes a claim or right, title, use or occupation of real

property or buildings.

Accordingly, said Verified Complaint affects title to real property located at

1241 Boylston Street, Boston, Suffolk County, Massachusetts, held in the name of the Defendant

Motiva Enterprises, LLC, and the Court hereby approves the above Memorandum of *Lis*

*Pendens*.

                                               _____
                                                           Justice

                    I HEREBY ATTEST AND CERTIFY ON
                    JULY 12, 2005, THAT THE
Dated: June 21, 2005  FOREGOING DOCUMENT IS A FULL,
                    TRUE AND CORRECT COPY OF THE
                    ORIGINAL ON FILE IN MY OFFICE,
                    AND IN MY LEGAL CUSTODY.

                         MICHAEL JOSEPH DONOVAN
                         CLERK / MAGISTRATE
                         SUFFOLK SUPERIOR CIVIL COURT
                         DEPARTMENT OF THE TRIAL COURT

{K0303444.1}        BY._____
                         ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT
CIVIL ACTION NO. 05-2518G

| | |
|---|---|
| PATRA, LLC., and<br>ILIAS GIANNAKOPOULOS,<br>     Plaintiffs,<br><br>v.<br><br>MOTIVA ENTERPRISES, LLC, and<br>STEVE L. SANTORO<br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM OF *LIS PENDENS*

Notice is hereby given that on June 21, 2005, the undersigned Plaintiffs commenced an

action in Suffolk Superior Court, being Docket No. 05-2518G, a Verified Complaint in which

the undersigned are named as Plaintiffs and Motiva Enterprises, LLC of Houston, Texas, with

offices in Plainville, Massachusetts and Steve L. Santoro are named Defendants.

Said Verified Complaint affects the title to land located at 1241 Boylston and Ipswich

Streets, Boston, Suffolk County, Massachusetts, which land is described in a Special Warranty

Deed dated October 1, 1998 filed in the Suffolk County Registry of Deeds, Book 23008, Page

234, and described in Exhibit "A" attached hereto.

{K0303448.1}

This Memorandum is given pursuant to <u>General Laws,</u> Chapter 185, Section 86, and

<u>General Laws,</u> Chapter 184, Section 15.

Respectfully Submitted,

I HEREBY ATTEST AND CERTIFY ON

JULY 12, 2005 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:

ASSISTANT CLERK.

Patra, LLC and Ilias Giannakopoulos,

By their attorney,

Erik J. Frick, Esq., BBO #553336
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA  02110
617-342-6853

Dated:  June 21, 2005

23009  234

780

## SPECIAL WARRANTY DEED

COMMONWEALTH OF MASSACHUSETTS    §
                                 §
COUNTY OF SUFFOLK                §

This Indenture, made ___OCT 1 1998___ by STAR ENTERPRISE, a New York general partnership, having an office at 12700 Northborough Drive, Suite 400, Houston, Texas 77067, Tax I.D. No. 76-0567102 (the "Grantor") to MOTIVA ENTERPRISES LLC, a Delaware limited liability company, having an office at 1100 Louisiana Street, Suite 2200, Houston, Texas 77002, Tax I.D. No. 76-0262490 (the "Grantee").

### WITNESSETH

In consideration of One Million Four Hundred Fifty-Three Thousand Nine Hundred and no cents ($1,453,900.00) Dollars and other good and valuable consideration paid in lawful money of the United States, Grantor does hereby grant, convey and release unto Grantee, its successors and assigns forever, all those certain plots, pieces and parcels of land more particularly described in Schedule A attached hereto and made a part hereof (the "Property"), together with the buildings, fixtures and improvements thereon erected,

Together with all right, title and interest, if any, of Grantor in and to any streets and roads abutting the Property to the center lines thereof,

Together with the easements, appurtenances and other hereditaments appurtenant to the Property and all the estate and rights of Grantor in and to said Property, subject to all easements, rights of way and other matters of record affecting same, but

*Provided*, that Grantor expressly saves, retains, reserves and excepts from this conveyance unto itself and its successors and assigns, all right, title and interest in and to any oil, gas, and other minerals (including, without limitation, helium, lignite, sulphur, phosphate and other solid, liquid and gaseous substances), regardless of the nature thereof and whether similar or dissimilar but only to the

1241 Boylston & Ipswich Streets
Boston, MA
Suffolk County
MA 94

29

extent any of the foregoing is in its natural state and natural location and not subject to the dominion and control of any person, and the right to explore for, develop and produce same, as well as the right to lease such portion of the Property hereby reserved for such purposes, and all mineral and royalty rights whatsoever in, on, under and pertaining to the Property; but Grantor, its successors and assigns, shall have no right to use, or right of ingress to or egress from any part of the surface of the Property for exploration and producing purposes; and any oil and gas drilling operations, shall be conducted by means of wells, the surface locations of which are on other lands and which may be drilled into and bottomed in or under the Property. Grantor shall exercise its rights under the foregoing mineral, oil and gas reservation so as not to disturb the use or operation of the Property or any improvements, installations, petroleum or other products contained in such improvements or installations or surface activities on the Property. Grantor is to receive and retain all bonuses, rentals and royalties payable under any such mineral, oil and gas lease or leases.

Grantor may assign, transfer, sell or convey such oil, gas and mineral reservation to any person, corporation, partnership or other entity.

To have and to hold the Property unto Grantee, its heirs, successors and assigns forever.

Each Grantor covenants that it has not done or suffered anything whereby the Property has been encumbered in any way whatever, except for the aforesaid reservation of oil, gas and other minerals. The preceding sentence is for the benefit of Grantee and the parties now or hereafter constituting Grantee and may not be relied on or enforced by any other entity, including, without limitation, any direct or remote successor in title to Grantee or any title insurer of Grantee or its direct or remote successors in title, by way of subrogation or otherwise.

Property Address: 1241 Boylston & Ipswich Streets, Boston, MA

IN WITNESS WHEREOF, Grantor has duly executed this Special Warranty Deed the day and year first above written.

STAR ENTERPRISE, a New York
general partnership

By: _____
Name: ~~Beth L. Shaw~~
Title: ~~Chief Executive Officer~~

~~J. L. FRANCIS~~

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. __05-2518G__

Patra, LLC and Ilias Giannakopoulos _____ , Plaintiff(s)

v.

Motiva Enterprises, LLC and Steven L. Santoro Defendant(s)

## SUMMONS

To the above-named Defendant: Motiva Enterprises, LLC

You are hereby summoned and required to serve upon __Erik J. Frick of Eckert Seamans__
__Cherin & Mellott, LLC__

plaintiff's attorney, whose address is __1 International Pl., Boston, MA  02110__ , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse** , Esquire, at Boston, the _____ day of
_____ , in the year of our Lord two thousand _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT (2) MOTOR VEHICLE TORT (3) CONTRACT (4) EQUITABLE RELIEF (5) OTHER

FORM CIV.P. 1 3rd Rev.

I HEREBY ATTEST AND CERTIFY ON

__JULY 12, 2005__ THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

encumbering, hypothecating or otherwise disposing of any interest in 1241 Boylston Street, Boston, Massachusetts;

      3.    Declare this action to be a Class Action;

      4.    Award the Plaintiffs and other Class Members compensatory damages in an

amount which may be proven at trial, together with pre-judgment interest;

      5.    Award to Plaintiffs and all Class Members treble damages;

      6.    Award Plaintiffs and all Class Members the costs and expenses incurred in this

action, including reasonable attorneys' fees, accountant and expert fees; and

      7.    Award to Plaintiffs and to all Class Members such other and further relief as this

Court may deem must and proper.

## THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES AND COUNTS.

I HEREBY ATTEST AND CERTIFY ON

JULY 12, 2005 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

Respectfully Submitted,

PATRA, LLC and ILIAS GIANNAKOPOULOS,

By their attorneys,

Robert W. Levy, Esq., BBO #297840
Erik J. Frick, Esq., BBO #553336
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110
617-342-6853

DATED: June 2/, 2005

## VERIFICATION

I, Ilias Giannakopoulos, individually and on behalf of Patra LLC as its manager, hereby

certify that I have read the foregoing, and that based on personal knowledge, except where stated

"upon information and belief," that it is true and accurate to the best of my belief.

_____
Ilias Giannakopoulos

## COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss

Then personally appeared Ilias Giannakopoulos and acknowledged the foregoing
document to be his free act and deed, before me,

_____
Notary Public

My Commission Expires:



CHERYL L. SMITH
Notary Public
Commonwealth of Massachusetts
My Commission Expires
October 24, 2008

DATED: June 20 2005

CIVIL ACTION
COVER SHEET

DOCKET NO(S)
05-2518

Trial Court of Massachusetts
Superior Court Department
County: Suffolk

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Patra, LLC and Ilias Gianakopoulos | Motiva Enterprises, LLC and Steve L. Santoro |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Erik J. Frick and Robert W. Levy, Eckert Seamans Cherin & Mellott 1 International Place, Boston, MA 02111 Board of Bar Overseers number: 552226 and 297840 | ATTORNEY (if known) Anne-Marie Gerber and William Parker Fitzhugh, Parker & Alvaro, 155 Federal St., Suite 1700, Boston, MA 02110 |

Origin code and track designation

Place an x in one box only:

XX 1. F01 Original Complaint

☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)

☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)

☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)

☐ 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A08 | Sale of Real Estate | ( F ) | XX ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                                                               Subtotal $ . . . . . . . . . . .

Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
Other documented items of damages (describe)

                                                                               $ . . . . . . . . . . .

Brief description of plaintiff's injury, including nature and extent of injury (describe) Defendants' violation of inter alia, G.L., C. 93A, 93E, their breach of fiduciary duty, fraud, misrepresentation and intentional infliction of emotional distress have caused Plaintiffs to suffer damages in excess of $2,000,000

$2,000,000.00.
TOTAL $2,000,000.00.

CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Plaintiffs and Defendants reached an agreement for the sale of property and Defendants have refused to honor the agreement and sell to the Plaintiffs. Plaintiffs also seek specific performanace.

TOTAL $2,000,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 6-21-05

ATC-6 mtc005-11/99
O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON

JULY 12, 2005 THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____

ASSISTANT CLERK.