UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PATRA, LLC., and <br> ILIAS GIANNAKOPOULOS, <br> Plaintiffs, <br><br> v. <br><br> MOTIVA ENTERPRISES, LLC, and <br> STEVE L. SANTORO <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 05-11471-RGS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS,
WITH PREJUDICE, COUNTS V AND VII OF PLAINTIFFS' COMPLAINT,
OR IN THE ALTERNATIVE FOR JUDGMENT ON THE PLEADINGS
AS TO THOSE COUNTS ONLY**

Plaintiffs Patra, LLC. and Ilias Giannakopoulos ("Giannakopoulas") (collectively "Plaintiffs") hereby oppose Defendants' Motion to Dismiss, With Prejudice, Counts V and VII of the Plaintiffs' Complaint, or in the Alternative for Judgment on the Pleadings as to Those Counts Only ("Defendants' Motion"). As grounds for their opposition, Plaintiffs submit that Defendants' Motion is procedurally premature because Defendants have already answered the complaint in its entirety and the pleadings have not been closed. Thus, defendants cannot maintain a 12(b)(6) motion to dismiss or a motion for judgment on the pleadings. See, Rules 12(b)(c) and (h) Fed. R. Civ. P. In addition, Defendants' Motion to Dismiss Plaintiffs class action claim is also procedurally premature as the propriety of establishing a class is to be determined in connection with the court's certification of the class, not on a Motion to Dismiss. Moreover, Defendants' Motion must be denied because Plaintiffs have adequately pled sufficient

{K0309581.1}

facts to establish the existence of a fiduciary relationship and the requisite elements for a class action. In further support of their Opposition, Plaintiffs submit as follows:

## I. DISCUSSION

### A. Defendants' Motion is Procedurally Premature

Defendants answered the complaint in its entirety on or around July 18, 2005. Defendants did not move to dismiss any of the counts in the complaint at that time. As a result Defendants cannot maintain a Motion to Dismiss pursuant to Rule 12(b)(6). See, Rule 12(b)(6), Fed. R. Civ. P.

Apparently aware of the fact that they cannot maintain a motion to dismiss under Rule 12(b)(6), Defendants have moved alternatively for judgment on the pleadings pursuant to Rule 12(c) and (h)(2). However, a motion for judgment on the pleadings cannot be filed until after the pleadings have closed. Rule 12(c),(h)(2), Fed R. Civ. P. The pleadings are still open and the time for filing amendments to the pleadings will not be set until the Court issues its scheduling order following the Local Rule 16.1 scheduling conference. Local Rule 16.1 (f).[1] Accordingly, Defendants Motion for Judgment on the Pleadings must be denied.

As set forth below, even if Defendants' Motion were timely it must be denied as Plaintiffs have alleged sufficient facts to support its claims.

### B. Standard on Motion to Dismiss

On a motion to dismiss, a court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in favor of the plaintiffs. Kiely v. Raytheon Co., 105 F.3d 734, 735 (1st Cir. 1977); Hogan v. Eastern Enterprises/Boston Gas, 165 F. Supp. 2d 55, 57 (D. Mass., 2001) a court should not dismiss a complaint for failure to state a claim unless "it

---

[1] The 16.1 Scheduling Conference has been set for October 3, 2005.

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "[I]f under any theory [allegations] are sufficient to state a cause of action in accordance with the law a motion to dismiss . . . must be denied." Knight v. Mills, 836 F.2d 659, 664 (1st Cir. 1987), citing Melo-Tone Vending, Inc. v. United States, 666 F.2d 687, 688 (1st Cir. 1981). In this limited task, the issue is not whether the plaintiffs will ultimately prevail on their claims, but whether the plaintiffs are entitled to offer evidence in support of the allegations in their complaint. Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College, 128 F.3d 59, 62 (2nd Cir. 1997).

      C.    Plaintiffs Have Pled Sufficient Facts To Support A Claim For Breach Of Fiduciary Duty

Under Massachusetts law a fiduciary "relationship can arise in a wide variety of circumstances, because '[a] fiduciary is a person having a duty, created by his or her undertaking, to act principally for the benefit of another in matters connected with that undertaking.'" Doe v. Harbor Schools, Inc., 63 Mass. App. Ct. 337, 346 (2005) (court reversed entry of summary judgment on fiduciary relationship claim finding that existence of a fiduciary relation ship was a question of fact for the fact finder), citing Dailey v. Allstate Insurance Co., 844 P.2d 1336, 1339 (Colo. App. 1992). While some relationships are fiduciary as a matter of law, "[i]n other circumstances, however, the question whether a fiduciary relationship exists is one of fact, see, e.g., Hayes v. Moulton, 194 Mass. 157, 165 (1907), "typically requiring the fact finder to determine whether one party confided in or relied upon another party for a particular purpose." Doe v. Harbor Schools, Inc., 63 Mass. App. Ct. at 346. To determine whether a fiduciary relationship exists as a matter of fact, a court must consider several factors: (1) whether the circumstances surrounding the relationship would lead a reasonable person to believe that he could rely on the other for a particular purpose; (2) the relative degree of expertise or knowledge

the alleged beneficiary and fiduciary have concerning the matters governed by the fiduciary relationship; and (3) whether the fiduciary knew of the plaintiff's reliance. See id. at 346-47 (citations omitted).

Simply put, the existence of a fiduciary relationship is a question of fact requiring the fact finder to determine, based on all of the facts presented, whether a fiduciary relationship exists. Id. Here, Plaintiffs' allegations support the existence of a fiduciary relationship between the parties. Plaintiffs' have alleged : (1) that Giannakopoulos is a long-term franchisee of Motiva or its predecessors and that he has leased real estate located at 1241 Boylston Street, Boston, Massachusetts (the "Property") from Defendant Motiva Enterprises LLC ("Motiva")(Complaint at ¶¶ 8-9); (2) that Defendant Steve L. Santoro ("Santoro") was the area real estate manager for Motiva and that Giannakopoulas informed Motiva that he was interested in purchasing the Property for years (Complaint at ¶¶ 7,11); (3) that Motiva continuously informed Giannakopoulas that the Property was not for sale until 2004 when Santoro told Giannakopoulas not to purchase property adjacent to the Property ("Adjacent Property") and to buy the Property (Complaint at ¶¶ 12, 14); (4) that Santoro made numerous representations over the course of approximately 5 months about the appraisal/sale/approval process, including, without limitation, that once local and regional approvals for the sale had been obtained that Headquarters' approval in Houston, Texas was a formality, that he had never had participated in or been aware of a sale approved by a region, which was rejected by Headquarters, that the agreement for sale of the Property had been approved at local and regional levels and ultimately that the sale had been approved by Headquarters, and that Plaintiffs should not worry about and should execute a new lease (with a rental increase of $10,000.00 per month (over 57%) with an effective term beginning in April 2005) without exercising their rights to an appraisal because Plaintiffs would

have title to the Property by the effective date (Complaint at ¶¶ 13-25); (5) that Plaintiffs reasonably relied on Santoro and Motiva's representations to their detriment, including, without limitation, not purchasing the Adjacent Property, making a $230,000.00 deposit and subsequently losing the use of the deposit and incurring interest payments thereon, and executing a new lease with a 57 % rental increase of over $10,000.00 per month without exercising their rights to an appraisal (Complaint at ¶¶ 22, 24); and (6) that in February of 2005 Defendants breached the agreement to sell the Property to the Plaintiffs for $2,300,000.00 so that they could attempt to sell the Property for more money to other purchasers such as the Boston Red Sox (Complaint at ¶ 25).

Plaintiffs have thus alleged sufficient facts to establish that Giannakopoulos reasonably believed that he could rely on and confide in the Defendants, that the Defendants had superior knowledge (as to the Defendant's own internal approval process and the status of the agreement for sale of the Property) and that the Defendants knew that Plaintiffs were relying on them, (as established, *inter alia*, by the allegations that in reliance on Defendant's representations Plaintiffs ceased negotiations for the purchase of an Adjacent Property, made a deposit of $230,000.00, and signed a new lease which doubled the rent of the Property, but was not to take effect until after the Defendants represented the Plaintiffs would own the property). See, Doe v. Harbor Schools, 63 Mass. App. Ct. at 346-47.

The Defendants ignore the aforementioned allegations in the Plaintiffs' Complaint, which are sufficient to establish a fiduciary relationship, and in fact request that the Court draw inferences in favor of the Defendants, as opposed to the Plaintiffs as required on a motion to dismiss. See the Defendants' Memo at 4 ("the Complaint suggests that Giannakopoulos is experienced in the local real estate market since he claimed he was negotiating to buy the

property adjacent to the premises"); Kiely v Raytheon, 105 F.3d at 735. Moreover, the cases cited by the Defendants are not cases in which the Court dismissed claims of breach of fiduciary relationship on a motion to dismiss; rather, each case was on appeal from the entry of summary judgment after discovery and submission of affidavits, further emphasizing the point that the existence of fiduciary relationship is question of fact.

Under established Massachusetts law, Plaintiffs have made sufficient allegations to support a claim of breach of fiduciary duty, and the Court should deny Defendants' motion and allow Plaintiffs to present evidence at trial on the issue of breach of fiduciary duty. Doe v. Harbor Schools, 63 Mass. App. Ct. at 346-47.

    D.    Defendants' Motion To Dismiss Or In The Alternative Judgment For The Pleadings Of Plaintiffs' Putative Class Claim Is Premature, and Must Be Denied

Defendants' Motion to Dismiss or in the Alternative Judgment for the Pleadings of Plaintiffs' putative class claim is premature, and must be denied. As noted earlier, the Defendants have already answered the Plaintiffs' Complaint in its entirety and the pleadings have not been closed. Accordingly, Defendants cannot maintain a motion to dismiss under Rule 12(b)(6) or a Motion for Judgment on the Pleadings under Rule 12(c) and (h)(2) of the Federal Rules of Civil Procedure.

In addition, the Defendants' Motion in connection with Plaintiffs' putative class claim is fatally flawed because a Rule 12 motion is not the proper vehicle for determination as to whether Rule 23 of the Federal Rules of Civil Procedure has been complied with in connection with a class action.

"[I]n determining the propriety of a class action, the question is not whether the Plaintiffs had stated a cause of action or will prevail on the merits, but whether the requirements of Rule 23 have been met." Miller v. Mackey International, Inc., 452 F.2d 424 (5th Cir. 1971); Gillibeau

v. City of Richmond, 417 F.2d 426, 432 (9th Cir. 1969); McDonald v. General Mills, Inc., 37 F. Supp. 24, 38-39 (ED. Cal., 1974).

Courts have routinely held that "[c]ompliance with F.R.C.P. 23, however, is not properly tested by a motion to dismiss for failure to state a claim. Instead, the district court pursuant to F.R.C.P. 23(c)(1) 'as soon as practicable after the commencement of an action brought as a class action . . . shall be determined by order whether it is to be so maintained.'" McDonald, 387 F. Supp. at 38 (citations omitted). As noted by the court in Gilmore on the motion to dismiss stage it was inappropriate for the court to "make a Rule 23(c)(1) determination . . . because the parties simply have not adequately enumerated the applicability or inapplicability of the prerequisites set out in Rule 23(a) and (b)." Id. at 39.

In Gillibeau, the court reversed an entry of the motion to dismiss a putative class under Rule 12, finding that compliance with Rule 23 is not tested by a motion to dismiss for failure to state a claim. This court should, in accordance with the established case law, deny Plaintiffs' Motion to Dismiss or in the Alternative Motion for Judgment on the Pleadings and make its own determination in accordance with Rule 23 (c)(1) of the Federal Rules of Civil Procedure.

Moreover, Plaintiffs have alleged sufficient facts to support a class action claim against Motiva. To obtain class certification, the four elements of Rule 23(a) --- numerosity, commonality, typicality and adequacy of representation --- must be met, along with one of the three elements in Rule 23(b), including questions of law or fact common to the class predominate over any questions affecting only individual members and that a class action is superior to other methods of adjudication. Smilow v. Southwestern Bell Mobile Systems, Inc., 323 F.3d 32, 38 (1st Cir. 2003)( reversing district court's decertification where standard contract at issue and

common issues predominate regarding liability despite potential for varying awards of individual damages).

The essence of Plaintiffs proposed class action claim is that Motiva has required franchisees and retailers who are interested in purchasing Motiva's gas stations to execute Motiva's standard form "Retailer Offer to Purchase Premises," ("Retailer Offer") which Plaintiffs contend is unconscionable and against public policy, and that Motiva wrongfully neglects or refuses to sign the Retailer Offer after representing that it had been approved. Complaint at ¶¶ 22, 58. Defendants appear to challenge the Plaintiffs' putative class action because of the alleged varying nature of individualized harm to the class, and incorrectly assert that Plaintiffs' have failed to allege that Motiva has engaged in a pattern of wrongdoing or common course of conduct (Plaintiffs make such allegations in ¶¶ 26, and 58 of their Complaint).

The case cited by Defendants establish that where common questions of fact or law predominate, class certification on breach of contract claims is appropriate even though individual damages and individual fact issues may exist. Smiley v. Southwestern Bell Mobile Systems, Inc., 325 F.3d at 39-40. In Smiley, the court found that all putative members of the class were presented with a standard form contract, and that the common factual basis is found in the terms of the contract. Id. at 39. Here, the common factual basis is the standard Retailer Offer. Plaintiffs have alleged that, upon information and belief, over 200 retailers/franchisees have been required to execute the Retailer Offer. Complaint at ¶ 53.

The Court in Smiley found common issues of law to exist as to the interpretation of the standard contract. As in Smiley, common questions of law exist as to whether the Retailer Offer is unconscionable. See id.; Complaint at ¶ 58. For example, the Retailer Offer contains

numerous provisions which Plaintiffs assert are unconscionable. The Retailer Offer contains provisions which require a 10% down payment from the Retailer, which the Retailer forfeits if it cannot meet the any of the requirements in the Retailer Offer, whereas Motiva purportedly has the right not to accept the Offer for any reason at any time. See Retailer Offer at ¶¶ 1, and 4, attached as Exhibit "A" to Defendants' Memorandum in support of their Motion. The Retailer Offer also contains provisions which purports to limit Motiva's damages to $50,000.00 and seeks to preclude specific performance. See id. at ¶ 19.

The possibility that individual members of the putative class may be affected differently (as raised by Defendants) does not change the fact that common questions of liability, i.e., is the Retailer Offer unconscionable, predominate over individual damage issues and make a class action appropriate. Smiley, 325 F.3d at 39-42.

Moreover, Defendants should not be able to avoid a class action by speculating that the putative class of dealers will be in different factual situations than Plaintiffs. See Defendants' Memorandum at 7-8. Aside from the arguments above, Defendants have all necessary information regarding the putative class and Plaintiffs should be allowed to take discovery on the class. See Tatum v. Laird, 444 F.2d 947, 957 n. 21 (D.C. Cir 1971) *rev'd on other grounds* Laird v. Tatum, 408 U.S. 1 (1972)(discovery is appropriate where evidence within Defendants' control may shed light on final decision as to the propriety of a class action). Since the time for the amendment of the pleadings has not yet been set, Plaintiffs request that, if the Court has any doubts regarding the propriety of Plaintiffs' class action claims, they be allowed to take discovery and amend as necessary within the time frame set by the Court.

## II. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion to Dismiss, With Prejudice, Counts V and VII of Plaintiffs' Complaint or in the Alternative for Judgment on the Pleadings as to Those Counts only be denied.

Respectfully Submitted,

PATRA, LLC and ILIAS GIANNAKOPOULOS,

By their attorney,

_____
Erik J. Frick, Esq., BBO #553336
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110
617-342-6853

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand) (mail) on September 6, 2005