UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRA, LLC and <br> ILIAS GIANNAKOPOLOS, <br>         Plaintiffs, <br> <br> v. <br> <br> MOTIVA ENTERPRISES, LLC, and <br> STEVE L. SANTORO, <br>         Defendants. | CIVIL ACTION NO. 05-11471-RGS |

## JOINT STATEMENT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and Local Rule 16.1, the parties have conferred and submit the following Joint Statement in connection with the October 3, 2005 Scheduling Conference.

**I.   Case Status and Procedural Posture**

**A.   Plaintiffs' Statement of the Case:**  Plaintiffs Ilias Giannakopoulas, an exemplary franchisee for Defendant Motiva Enterprises LLC ("Motiva") or its predecessor for over 25 years, and Patra LLC assert Motiva that breached its agreement to sell its property located at 1241 Boylston Street, Boston ("Property") to Plaintiffs to increase the sales price for the Property, giving rise to claims for breach of contract, specific performance, breach of the covenant of good faith and fair dealing, promissory estoppel, breach of fiduciary duty, misrepresentation and unfair and deceptive trade practices in violation of G.L. c. 93A.  Plaintiffs allege that the Defendants knew that Plaintiffs relied on Defendants' representations in terminating negotiations for the purchase of another property in the area, and are estopped from denying an agreement to sell the Property to the Plaintiff.  Plaintiffs have brought this action on behalf of other similarly situated franchisees/ retailers who have been presented with Motiva's "Retailer Offer to Purchase Premises," which Plaintiffs contend contains unconscionable and unenforceable terms.  Plaintiffs have also brought claims against Defendant Santoro for fraudulent misrepresentation, and violation of G.L. c. 93A.

    B. **Defendants' Statement of the Case:** Defendants deny plaintiffs' allegations, claiming that this was an arms-length transaction among sophisticated business entities represented by counsel.  Defendants further contend that no contract existed at any time between the parties based upon the language of the Retailer Offer to Purchase Premises, which stated "Motiva has the right not to accept this Offer for any reason whatsoever, and Purchaser waives and releases Motiva from all claims from any such non-acceptance of this Offer and from Motiva's acceptance of other offers for the sale of the Premises."  Defendants allege in the alternative that they did not breach a contract if one did exist, and that plaintiffs' damages would be limited to $50,000, the amount set forth in the liquidated damages provision of the Retailer Offer to Purchase Premises.

    C. **Procedural Posture:** Defendants have answered the Complaint and have filed a motion to dismiss and/or for judgment on the pleadings with regard to Counts V (for breach of fiduciary duty) and VIII (for class certification) of the Complaint.  Plaintiffs have opposed that motion, and the parties await a hearing relative to the same.

  II. **Conference Agenda**

    1. Proposed Pre-Trial Schedule and Discovery Plan.

    2. Possibility of consent to Trial by Magistrate Judge.

    3. Possibility of resolving this action through alternative dispute resolution.

    4. Scheduling of Defendants' Motion to Dismiss and/or for Judgment on the Pleadings.

  III. **Proposed Joint Discovery Plan**[1]

    1. **Initial Disclosures.**  Initial disclosures to be served on September 29, 2005.

    2. **Amendment to Pleadings.**  Motions to amend the pleadings to be made by December 3, 2005.

3. **Written Discovery Requests.** Written discovery requests shall be completed by April 12, 2006.

4. **Depositions of Fact Witnesses.** Depositions of fact witnesses will be completed by April 12, 2006. The parties request permission to conduct up to ten depositions per side.

5. **Requests for Admissions.** Requests for Admissions, if any, shall be completed by April 12, 2006.

6. **Status Conference.** A Status Conference, if approved by the Court, shall occur in April, 2006.

7. **Expert Discovery.** The plaintiffs shall designate trial experts and disclose information required by Rule 26(a)(2) of the Federal Rules of Civil Procedure by April 12, 2006. The defendants shall designate trial experts and disclose information required by Rule 26(a)(2) of the Federal Rules of Civil Procedure by April 26, 2006. Expert depositions shall be completed by May 26, 2006.

## IV. Proposed Motion Schedule

Rule 56 Motions for Summary Judgment shall be filed by July 10, 2006. Responses to such dispositive motions shall be served within 30 days of service.

## V. Settlement and/or Case Management Conferences

A Settlement Conference and/or Case Management Conference shall take place at the discretion of the Court. The parties will request a Settlement Conference and/or reference to Alternative Dispute Resolution as appropriate. The parties request the Court to hold a final pre-trial conference in September 2006 and further request that the Court set a firm trial date at that time.

## VI. Rule 16.1 Certification

The parties' Certification pursuant to Local Rule 16.1 are being filed separately.

{K0309828.1}

**VII.**     **Trial by Magistrate**

At this time, the parties do not agree to trial by magistrate.

Respectfully Submitted,

| | |
|---|---|
| PATRA, LLC and<br>ILIAS GIANNAKOPOULOS<br>By their Attorney, | MOTIVA ENTERPRISES, LLC, and<br>STEVE L. SANTORO<br>By their Attorney, |
| /s/ Erik J. Frick<br>Erik J. Frick, Esquire<br>BBO No. 553336<br>Eckert Seamans Cherin & Mellott, LLC<br>One International Place<br>Boston, MA 02110<br>(617) 342-6800/Fax (617) 342-6899 | /s/ Amy Cashore Mariani<br>Amy Cashore Mariani, Esquire<br>BBO No. 630160<br>Fitzhugh, Parker, & Alvaro, LLP<br>155 Federal Street, Suite 1700<br>Boston, MA 02110-1727<br>(617) 695-2330 |

{K0309828.1}