UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

PATRA, LLC., and )
ILIAS GIANNAKOPOULOS, )
)
Plaintiffs, )   Civil Action No. 05-11471
v. )
)
MOTIVA ENTERPRISES, LLC, )
and STEVE L. SANTORO )
)
Defendants. )

STIPULATED PROTECTIVE ORDER

WHEREAS pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure the parties have agreed, and the Court deems it appropriate to limit the disclosure of certain confidential information, as set forth below,

IT IS HEREBY ORDERED THAT:

1. Prior to producing a confidential document in response to a production demand or otherwise disclosing confidential information, any party may make a good faith designation of confidentiality by affixing prominently to any such document the word "CONFIDENTIAL."

2. Any documents or other disclosure designated as confidential shall be produced and maintained according to the provisions of this Stipulated Protective Order.

3. Confidential documents and information shall be disclosed only to counsel and their staff, to the parties and, as necessary in furtherance of this litigation, to the parties' experts, consultants and witnesses.

4. Disclosure of confidential documents and information to the persons identified in Paragraph 3 above shall only be made on the basis of a good faith determination by the disclosing counsel that disclosure is necessary in connection with this litigation. The recipient non-parties shall be instructed by the party or counsel making such disclosure that the

{K0310125.2}

information to be disclosed must be kept confidential, is to be used only in the preparation, pre-trial and trial of this case, and each said recipient shall sign a copy of the Confidentiality Agreement attached hereto as Exhibit A.

5. Except as set forth herein, confidential documents and information shall not be disclosed to non-parties.

6. This Stipulated Protective Order shall not preclude counsel or a party from using in the course of this litigation, including depositions, in pre-trial proceedings, or at trial, any confidential documents or information. When a party pursuant to this Stipulation and Order produces a confidential document, it shall be expressly designated as such in accordance with Paragraph 1 above. Counsel have ten business days from their receipt of a transcript of any deposition or other proceeding in which confidential documents are discussed or referred in which to designate any such portions of the transcript as confidential by notifying all counsel of record in writing of any such designations. Counsel also have ten business days from their receipt of any document from another party or from a non-party to designate such documents as confidential by notifying all counsel of record in writing, including a copy of the designated documents with the correspondence. During the ten-day periods in which such designations may transpire, all such documents and transcripts shall be treated as confidential in their entirety.

7. Nothing herein shall restrict any party's use of its own confidential documents or information.

8. (a) If at any time a party wishes for any reason to dispute a designation of discovery material as confidential hereunder, such party shall notify the designating party of

{K0310125.2}

such dispute in writing, specifying by exact document numbers the discovery material in dispute and the precise nature of the dispute with regard to each such document or other discovery material. If the parties are unable amicably to resolve the dispute, the proponent of confidentiality may apply by motion for a ruling as to whether the designated discovery material may, in accordance with this Order, properly be treated as confidential, provided such motion is made within 10 days from the date on which the parties, after good faith attempt, cannot resolve the dispute or such other time period as the parties may agree. The designating party shall have the burden of proof on such motion to establish the propriety of its confidentiality designation.

(b)     All discovery material designated as confidential under this Order, whether or not such designation is in dispute pursuant to subparagraph 8(a) above, shall retain that designation and be treated as confidential in accordance with the terms hereof unless and until:

i. the time period for filing a Motion for Protective Order set forth in paragraph 8(a) has expired without filing of any such Motion.

ii. the producing party agrees in writing that the material is no longer confidential and subject to the terms of this Order; or

iii. ten days after the expiration of the appeal period an Order of this court that the matter shall not be entitled to confidential status (or such longer time as ordered by this Court) of the Order on appeal is not subject to a stay.

(c)     The parties shall negotiate in good faith before filing any motion relating to this Order.

{K0310125.2}

number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued. The party, counsel or expert receiving the subpoena or other process shall cooperate with the producing party in any proceeding relating thereto.

Dated: October 31, 2005

IT IS SO ORDERED.

_Richard G. Stearns_
Richard G. Stearns

THE PARTIES SO STIPULATE.

MOTIVA ENTERPRISES, LLC. and
STEVE L. SANTORO
By Their Attorneys,

_Amy Cashore Mariani_
William L. Parker, BBO# 549839
Amy Cashore Mariani, BBO # 630160
Anne-Marie Gerber, BBO# 649337
FITZHUGH, PARKER, & ALVARO, LLP
155 Federal Street, Suite 1700
Boston, MA 02110-1727
(617) 695-2330

Dated: October 24, 2005

PATRA, LLC., and
ILLIAS GIANNAKOPOULOS,
By Their Attorney,

_Erik J. Frick_
Erik J. Frick, Esq.
BBO # 553336
Eckert Seamans Cherin & Mellott,
LLC One International Place, 18th
Floor Boston, MA 02110

{K0310125.2}

EXHIBIT A

<u>ENDORSEMENT OF STIPULATED PROTECTIVE ORDER</u>

I hereby attest to my understanding that information or documents designated Confidential are provided to me subject to the Stipulated Protective Order dated _____, _____(the "Protective Order"); that I have been given a copy of and have read the Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Endorsement of Stipulated Protective Order, indicating my agreement to be bound by the Stipulated Protective Order, is a prerequisite to my review of any information or documents designated as confidential pursuant to the Stipulated Protective Order.

I further agree that I shall not disclose to others, except in accord with the Stipulated Protective Order, and any confidential discovery material, in any form whatsoever, and that such confidential discovery material and the information contained therein may be used only for the purposes authorized by the Stipulated Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such discovery material and information will continue even after this litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Stipulated Protective Order, I may be subject to sanctions for such failure. I agree to be subject to the jurisdiction of the United States District Court for the District of Massachusetts for the purposes of any proceedings relating to enforcement of the Stipulated Protective Order.

I further agree to be bound by and to comply with the terms of the Stipulated Protective Order as soon as I sign this Agreement, even if the Stipulated Protective Order has not yet been entered as an Order of the Court.

Date:

By: _____

{K0310256.1}